[Cite as *State v. Moody*, 2012-Ohio-733.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2011-CA-29 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 2010-CR-134 |
| v. | : | |
| | : | |
| STEVEN M. MOODY | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of February, 2012.

. . . . . . . . . . .

ELIZABETH A. ELLIS, Atty. Reg. #0074332, Greene County Prosecutor's Office, Appellate Division, 55 Greene Street, Xenia, Ohio 45422
        Attorney for Plaintiff-Appellee

THOMAS B. SCOTT, Atty. Reg. #0075341, 2100 First National Plaza, 130 West Second Street, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

HALL, J.

        {¶ 1}   Steven M. Moody, a convicted sex offender who is required to notify the county sheriff of a change of address, was indicted on March 12, 2010 for the offense of failure to notify the sheriff of a change of address in violation of R.C. 2950.05(A), a felony of

the third degree. Moody filed a Motion to Dismiss arguing that his reclassification under the Adam Walsh Act was unconstitutional based on the Ohio Supreme Court's decision in *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, which held that Megan's Law registrants could not be reclassified by the Adam Walsh Act, and their Megan's Law registration requirements were reinstated. The trial court overruled Moody's motion on the authority of our decision in *State v. Huffman,* 2d Dist. Montgomery No. 23610, 2010-Ohio- 4755, which held that when purported reclassification has no effect on the defendant's reporting requirement (as in reporting a change of address), a defendant may be properly convicted of failure to comply with that registration requirement. Moody then entered a no contest plea to a reduced charge of Attempted Failure to Provide Notice of Change of Address, a fourth degree felony, and the court found him guilty of that offense. Moody appealed.

{¶ 2}    Moody is subject to registration because of a conviction for sexual battery, a felony of the third degree, in Greene County Case # 2005 CR 365. Moody had been designated as a sexually oriented offender at that time. At about the time Ohio's version of the Adam Walsh Act became effective on January 1, 2008, Moody was reclassified as a Tier III sex offender which increased his periodic reporting requirements. Nevertheless, under both the previous "Megan's Law" requirements and the new "Adam Walsh" requirements, if Moody changed his residence, he was required to report that change to the sheriff.

{¶ 3}    Moody's appointed appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), asserting the absence of any non-frivolous issue for our review. Counsel also requested permission to withdraw. The

*Anders* brief expressed the conclusion that the "conviction and sentence met the requirements of due process." Brief of Appellant at 1. Counsel did not point out any potential issues for our review. Moody was specifically advised by this court of his opportunity to file a brief of his own, but he has not done so.

{¶ 4} Upon review, we agree that there are no issues with arguable merit. In overruling the defendant's motion to dismiss, the trial court followed our decision in *State v. Huffman,* 2d Dist. Montgomery No. 23610, 2010 -Ohio- 4755, where we upheld a conviction when reclassification statutes had no bearing on the outcome. Similarly, here Moody was required to notify the sheriff of a change of address before and after the purported reclassification. He failed to do so and was appropriately prosecuted. An appellate challenge to the trial court's denial of the motion to dismiss would lack arguable merit.

{¶ 5} Additionally, pursuant to our responsibilities under *Anders*, we independently have reviewed the record in this case. We agree with the assessment of appointed appellate counsel that there are no non-frivolous issues for our review.

{¶ 6} Counsel's request to withdraw from further representation is granted, and the judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . .

FAIN and FROELICH, JJ., concur.

Copies mailed to:

Elizabeth A. Ellis
Thomas B. Scott
Steven M. Moody, Sr.
Hon. Michael A. Buckwalter