[Cite as *State v. Moody*, 2013-Ohio-2234.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### GREENE   COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | Appellate Case No. 2011-CA-29 |
| Plaintiff-Appellee | : | |
| | : | Trial Court Case No. 10-CR-134 |
| v. | : | |
| | : | |
| STEVEN M. MOODY, SR. | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 31st day of May, 2013.

. . . . . . . . . . .

STEPHEN K. HALLER, Atty. Reg. #0009172, by STEPHANIE R. HAYDEN, Atty. Reg. #0082881, Greene County Prosecutor's Office, Greene County Courthouse, 61 Greene Street, 2nd Floor, Xenia, Ohio 45385
     Attorney for Plaintiff-Appellee

STEPHEN P. HARDWICK, Atty. Reg. #0062932, Office of the Ohio Public Defender's Office, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215
     Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

{¶ 1}    Steven M. Moody, Sr., a registered sex offender, appeals from his conviction and

sentence following a no-contest plea to a reduced charge of attempted failure to provide notice of

a change of residence, a fourth-degree felony.

{¶ 2}   Moody advances three assignments of error on appeal. First, he claims ineffective assistance of counsel based on his attorney advising him to plead no contest to the reduced charge. He argues that he should have been advised to plead no contest to the original charge, which would have been insufficient to support a finding of guilt because it did not contain a mens rea. Second, he asserts that the trial court erred in ordering restitution to law-enforcement authorities for expenses they apparently incurred. Third, he maintains that the trial court erred in ordering him to have no contact with the sex-offender-registration unit of the Greene County Sheriff's Department. He argues that he must have contact with the Sheriff's office to comply with his sex-offender-registration obligations.

{¶ 3}   The record reflects that Moody was convicted of sexual battery in 2005. He was designated a sexually oriented offender under Megan's Law. He later was reclassified as a Tier III sex offender under the Adam Walsh Act. Pursuant to *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, his designation as a sexually oriented offender then was restored.   Regardless of the reclassifications, this court has previously found that Moody at all times remained obligated to notify the sheriff's department of any change of residence. *State v. Moody*, 2d Dist. Greene No. 2011-CA-29, 2012-Ohio-733, ¶2.

{¶ 4}   On March 12, 2010, Moody was indicted on one count of failure to provide notice of a change of residence in violation of R.C. 2950.05, a third-degree felony. (Doc. #1). Moody subsequently pled no contest to a reduced charge of attempted failure to provide notice of a change of residence, a fourth-degree felony. As part of a plea deal, the State agreed to remain silent regarding disposition. The trial court accepted the plea, found Moody guilty, and sentenced him to five years of community control. A community-control condition prohibited him from

communicating with the "victim" of "the instant offense[.]" (Doc. #52). The trial court also ordered him to pay $302.94 in restitution "in favor of the victim(s) of the offender's criminal act[.]" ( Doc. #51). This appeal followed.

{¶ 5}   In his first assignment of error, Moody notes that the indicted charge, failure to provide notice of a change of residence in violation of R.C. 2950.05, did not include a mens rea element.[1] He argues that the crime is not a strict-liability offense. Although R.C. 2950.05 does not contain a culpable mental state, Moody insists that R.C. 2901.21(B) supplies a mental state of recklessness. Because his indictment did not allege recklessness, Moody argues that he would have been entitled to a judgment of acquittal if he had pled no contest to the indicted charge. Instead, he pled no contest to a reduced "attempt" charge. During the plea hearing, the prosecutor orally alleged that he "[p]urposely or knowingly" had attempted to fail to register. (Plea Tr. at 15). Moody contends his trial counsel rendered ineffective assistance by advising him to plead no contest to the reduced charge rather than to the allegedly defective original charge.

---

[1] Although Moody's appellate brief refers to R.C. 2950.04, he actually was charged with, and convicted of, an attempt to violate R.C. 2950.05(F)(1), which provides: "No person who is required to notify a sheriff of a change of address pursuant to division (A) of this section * * * shall fail to notify the appropriate sheriff in accordance with that division." The statute Moody cites, R.C. 2950.04, imposes the initial registration obligation on a sex offender, not the obligation to notify the sheriff's department of a subsequent change of residence. That obligation is found in R.C. 2950.05.

{¶ 6} Upon review, we find Moody's argument to be unpersuasive for at least two reasons. First, this court has held that a sex offender's failure to provide notice of a change of address is a strict-liability offense under R.C. 2950.05. *See*, *e.g.*, *State v. Stansell*, 2d Dist. Montgomery No. 23630, 2010-Ohio-5756, ¶10-21. Moody correctly notes, however, that *Stansell* and this court's other jurisprudence on the issue pre-dates *State v. Johnson*, 128 Ohio St.3d 107, 2010-Ohio-6301, 942 N.E.2d 347. According to Moody, *Johnson* undermines our prior determination that failure to provide notice of a change of address is a strict-liability offense. We find it debatable whether *Johnson* actually undermines *Stansell*.[2] We need not resolve the uncertainty because defense counsel reasonably could have advised Moody to plead no contest to the reduced charge rather than risk a no-contest plea to the indicted charge and an adverse ruling on a motion for judgment of acquittal. *Compare State v. Corpening*, 11th Dist. Ashtabula Nos. 2011-A-0005, 2011-A-0006, 2011-Ohio-6002, ¶40. ("[W]e discern no deficiency in counsel's performance in negotiating a plea bargain to eliminate the risk of [the defendant] receiving a longer sentence after trial, in light of the uncertainty of a reversal of the trial court's denial of the motion to suppress."); *State v. Kiss*, 6th Dist. Lucas No. L-08-1379, 2010-Ohio-940, ¶11 ("The mere chance that a court might have suppressed the defendant's confession hardly justifies the conclusion that the defendant's attorney was incompetent, especially when he thought the admissibility was sufficiently probable to advise a plea of guilty."). Because defense counsel's advice to plead no contest to the reduced charge, rather than risk a conviction and appeal on the

---

[2] The issue in *Johnson* was whether there was a missing culpable mental state in the offense of having weapons while under disability. *Johnson* at ¶1. The statute defining the offense included a mens rea for one element but not for the others. *Id.* at ¶38. In that situation, the Ohio Supreme Court determined that R.C. 2901.21(B) did not apply. The *Johnson* court held that "R.C. 2901.21(B) does not supply the mens rea of recklessness unless there is a complete absence of mens rea in the section defining the offense and there is no plain indication of a purpose to impose strict liability." *Id.* at syllabus. In the present case, R.C. 2950.05 contains no mens rea element. The

greater charge, was a reasonable strategic decision, we find no ineffective assistance.

{¶ 7} Second, even if we accept Moody's assertion that R.C. 2950.05 is not a strict-liability offense and that a mens rea of recklessness applies, omission of that mens rea from the indictment would not have entitled him to a judgment of acquittal. Here the pertinent language of the indictment tracked R.C. 2950.05, which itself lacks a mens rea element. "An indictment that charges an offense by tracking the language of the criminal statute is not defective for failure to identify a culpable mental state when the statute itself fails to specify a mental state." *State v. Horner*, 126 Ohio St.3d 466, 2010-Ohio-3830, 935 N.E.2d 26, paragraph one of the syllabus. Therefore, omission of a mental state from Moody's indictment would not constitute a defect even if RC. 2901.21(B) does apply to R.C. 2950.05. At oral argument, counsel for the defendant indicated that his contention is not based on a defective indictment but rather on the fact that a no-contest plea to the indictment would not have supplied the recklessness mens rea for which he argues. Thus, he reasons, the trial court would have been required to find him not guilty. We disagree. Counsel's argument assumes first that the trial court would have found that a recklessness mens rea was required, and secondly that the State would not have submitted an additional statement of facts on the issue. Even if both those hurdles were cleared, there is also the possibility that the trial court would have allowed the State to supplement the record once the defense raised the lack of mens rea. These factors add to an uncertainty of outcome which the defendant avoided by following trial counsel's reasonable recommendation to plead to the lesser charge.

{¶ 8} For the foregoing reasons, we conclude that Moody's trial counsel did not

---

remaining issue, then, is whether R.C. 2950.05 plainly indicates a purpose to impose strict liability. *Johnson* did not directly address this issue.

provide ineffective assistance by advising him to plead no contest to a reduced charge rather than to the allegedly defective indicted charge. The first assignment of error is overruled.

{¶ 9} In his second assignment of error, Moody claims the trial court erred in ordering him to pay restitution to law-enforcement authorities for expenses incurred. This argument concerns the trial court's imposition of a $302.94 restitution obligation payable to the Greene County Sheriff's Department.[3] Nothing in the record explains the restitution amount or why the trial court awarded it to the sheriff's department. On appeal, Moody's appellate counsel claims the prosecuting attorney informed him that the $302.94 constitutes reimbursement for the cost of "community notification." (Appellant's brief at footnote two).

{¶ 10} Moody contends the restitution award is erroneous for three reasons: (1) the Greene County Sheriff's Department is not a proper "victim" entitled to restitution; (2) he is a "sexually oriented offender" for whom no community-notification requirement exists, and (3) he did not agree to the restitution as part of his plea agreement. In response, the State argues that Moody did consent to the restitution as part of the plea agreement. The State also notes that he did not object to restitution at the plea hearing or the sentencing hearing.

{¶ 11} Pursuant to R.C. 2929.18(A)(1), a trial court may order "[r]estitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss." The phrase "economic loss" is defined as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense[.]" R.C. 2929.01(L). The Ohio Revised Code recognizes "four possible payees to whom the court may order restitution to be

[3]The trial court's judgment entry does not identify to whom restitution is payable. That information is found in a restitution summary attached to the PSI report, which identifies the Greene County Sheriff's Department as the recipient of the restitution.

paid: the victim or survivor of the victim, the adult probation department that serves the county on behalf of the victim, the clerk of courts, and 'another agency designated by the court,' such as the crime victims' reparations fund." *State v. Wilson*, 2d Dist. Montgomery No. 23167, 2010-Ohio-109, ¶20.

**{¶ 12}** The State concedes that law-enforcement agencies typically are not entitled to restitution for funds spent in the performance of their investigative or other duties. *See*, *e.g.*, *State v. Justice*, 5th Dist. Fairfield No. 09-CA-66, 2010-Ohio-4781, ¶24-30*; State v. Jones*, 7th Dist. Jefferson Nos. 08 JE 20, 08 JE 29, 2010-Ohio-2704, ¶40, 47 (finding plain error where the trial court ordered restitution payable to the government, and reasoning "that the government is not a victim under the restitution statute merely because it expended funds in some manner as a result of the defendant's offense"). The State notes, however, that a trial court may award restitution to a law-enforcement agency when a defendant consents to the award as part of a plea agreement. Indeed, this court has recognized that "[t]he language of R.C. 2929.18(A)(1) does not specifically restrict the parties from agreeing to an award of restitution that is not provided for in the statute." *State v. Johnson*, 2d Dist. Montgomery No. 24288, 2012-Ohio-1230, ¶14. In *Johnson*, we observed that a restitution award to a sheriff's department had been upheld in another district "when the restitution award was made pursuant to an express plea agreement between the State and the defendant." *Id. See also State v. Baker*, 3d Dist. Allen No. 1–11–49, 2012-Ohio-1890 (affirming $4,150.00 in restitution ordered to the drug task force for buy-money expended as part of defendant's plea agreement, although with a dissenting opinion).

**{¶ 13}** During the plea hearing, a short agreement was read into the record. It provides: "In consideration for Defendant's no contest plea to an amended charge of Attempted Failure to

Provide Notice of Change of Address, a felony of the fourth degree, the State stands silent as to disposition." (Plea Tr. at 5). The only mention of restitution occurred when the trial court explained the potential penalties to Moody. The record reflects the following exchange:

THE COURT: Do you understand that if you are found guilty, that as an additional financial sanction, the Court can order you to pay Court costs and make restitution, if appropriate?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that restitution means compensating the victim, if there is a victim in this case, for economic loss, and the Court could determine the amount of that restitution to be paid, if applicable?

THE DEFENDANT: Yes, sir.

(*Id*. at 8-9).

**{¶ 14}** Nothing in the quoted plea agreement or the foregoing exchange indicates that Moody agreed to pay restitution to the Greene County Sheriff's Department. The plea agreement does not mention restitution, and the trial court merely advised Moody that it could "order" restitution "if there is a victim in this case[.]"

**{¶ 15}** The State cites a plea form Moody signed. (Doc. #43). The form, which is captioned "Rule 11 Notification and Waiver," constitutes a written acknowledgment by Moody of the various rights he wavied and the potential penalties he faced, including restitution in the specific amount of $302.94, upon a plea of no contest. (*Id*.). However, being told about the possibility of restitution is not the same as agreeing to pay restitution.

**{¶ 16}** Upon review, we recognize that Moody had at least two opportunities to object:

at the time he signed his Rule 11 form, listing the restitution amount of $302.94, and at the sentencing when the amount was imposed. He never objected. Nonetheless, the record before us fails to demonstrate that Moody expressly consented to pay restitution as part of his plea agreement. The trial court did not explain the basis for the award and neither does the PSI. While it may be possible that Moody's offense led to a discrete additional cost and expense of $302.94, the record does not describe it. We must therefore conclude that the order is improper because the record does not support that the restitution obligation payable to the Greene County Sheriff's Department was expressly consented to as part of the plea agreement. Based on our review of the record, we conclude that R.C. 2929.18(A)(1) did not authorize the trial court to impose a $302.94 restitution obligation payable to the Greene County Sheriff's Department. Nor did Moody consent to the restitution as part of his plea agreement. Therefore, the trial court erred in ordering him to pay restitution.[4] Moody's second assignment of error is sustained.

{¶ 17}   In his third assignment of error, Moody claims the trial court erred in ordering him to have no contact with the sex-offender-registration unit of the Greene County Sheriff's Department.

{¶ 18}   Moody's argument concerns a community-control condition prohibiting him from "communicat[ing] directly or indirectly * * * with the victim * * * of the instant offense." (Doc. #52 at ¶31). Because the "instant offense" involves attempted failure to provide notice of a change of residence, Moody reasons that the referenced "victim" must be the sheriff's

_____

[4]Although the State complains that Moody never objected to the restitution obligation, this court has found plain error under similar circumstances. *See*, *e.g.*, *State v. Johnson*, 164 Ohio App.3d 792, 2005-Ohio-6826, 844 N.E.2d 372, ¶22 (2d Dist.) ("Because the trial court was not authorized by law to impose a financial sanction upon defendant for the purpose of reimbursement of the Ohio Highway Patrol for the costs of its investigation in this case, * * * the $1,000 fine imposed upon defendant for that purpose constitutes an abuse of the trial court's discretion and plain error.").

department. He argues that he must have contact with the sheriff's department to fulfill his sex-offender registration obligations. In response, the State asserts that the referenced "victim" is the victim of Moody's 2005 sexual battery.

{¶ 19} We are unsure what the trial court intended when it prohibited Moody from communicating with the "victim" of "the instant offense," but we are certain that appellant's interpretation, that he not have contact with the sheriff's office, is absurd. We suspect the prohibition is boilerplate community-control language with no real applicability here. It is paragraph 31 of a standard form imposing standard conditions. However, violation of community control has potential consequences, and if we cannot determine what the restriction means, we cannot expect the appellant to do so either. On this record, there is no indication that Moody has had contact, or might have had contact, with the victim of his 2005 sexual battery. Perhaps the court could order such a restriction if the record raised a risk of offensive contact, but it does not. We further believe that the court did not intend to keep the appellant from contacting the sex-offender-registration unit of the Greene County Sheriff's Department. We conclude that the trial court erred by including the boilerplate restriction prohibiting communication with the victim of the instant offense. The third assignment of error is sustained.

{¶ 20} Having sustained Moody's second and third assignments of error, we hereby modify the trial court's judgment entry by vacating both the requirement that he pay restitution of $302.94 and the community-control condition prohibiting him from communicating with the "victim" of "the instant offense." As so modified, the trial court's judgment is affirmed, and the cause is remanded for the trial court to make whatever record of the modification is appropriate.

. . . . . . . . . . . . .

FAIN, P.J. and FROELICH, J., concur.


Copies mailed to:

Stephen K. Haller
Stephanie R. Hayden
Stephen P. Hardwick
Hon. Michael A. Buckwalter