[Cite as *State v. Johnson*, 2014-Ohio-3355.]

IN THE COURT OF APPEALS FOR CLARK COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee            :          C.A. CASE NO.    2013 CA 75

v.                               :          T.C. NO.    11CR880B

ANTWAN JOHNSON                   :          (Criminal appeal from
                                            Common Pleas Court)

    Defendant-Appellant           :

                                 :

        . . . . . . . . . .

**O P I N I O N**

Rendered on the 1st day of August, 2014.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

ROBERT ALAN BRENNER, Atty. Reg. No. 0067714, 120 W. Second Street, Suite 706, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    This matter is before the Court on the Notice of Appeal of Antwan Johnson,

filed August 28, 2013. Johnson appeals from the trial court's August 12, 2013 judgment entry of conviction, which reflects that Johnson pled guilty to one count of aggravated possession of drugs, namely n-benzylpiperazine, in violation of R.C. 2925.11(A), a felony of the second degree, and one count of having weapons while under disability, in violation of R.C. 2923.13(A), a felony of the third degree. Both offenses occurred on or about August 16, 2011. Johnson received consecutive sentences of four years for aggravated possession of drugs, and two years for having weapons while under disability. The court ordered him to pay a fine of $7,500.00, and it ordered him to "pay restitution in the amount of $1,455.00 through the Clark County Probation Department plus a 5% handling fee."

{¶ 2} Johnson was initially indicted, on December 19, 2011, on 15 counts in an 18 count indictment, along with Craig Davis. In exchange for his pleas to counts 15 and 17 in the indictment, the remaining charges were dismissed. The following exchange occurred at the June 3, 2013 plea hearing:

THE COURT: The Court has been handed a written plea of guilty to Counts Fifteen and Seventeen, Count Fifteen being a charge of aggravated possession of drugs, * * * Count Seventeen being a charge of weapons under disability * * *. The second degree felony is subject to a maximum penalty of eight years in prison, $15,000 fine, a mandatory minimum fine of $7500, a mandatory driver's license suspension of six months to five years, and prison is a mandatory sentence. Weapons under disability carries a possible maximum penalty of three years in prison, $10,000 fine, forfeiture of the weapon, and court costs would be imposed in this case. If run consecutively,

that could total to 11 years in prison, $25,000 fine, 5-year driver's license suspension, and costs.

The plea form indicates the parties are agreeing to this plea under the following terms: The State is going to dismiss the firearm specification in Count Fifteen. The parties agree that the sentence should not exceed six years of imprisonment in both cases for both charges, and the State will remain silent at disposition.

Presentence investigation will be completed. Defendant agrees to forfeit all of the property seized.

\* \* \*

Are those the full terms of the plea agreement as understood by the State?

MR. PICEK: Yes, Your Honor.

THE COURT: Are those the full terms of the agreement as understood by the Defense?

MR. VANOY: Yes, Your Honor.

{¶ 3} The plea form signed by Johnson provides in part: "Court costs, restitution, and other financial sanctions, including fines, day fines, and reimbursement for the cost of any sanctions may also be imposed."

{¶ 4} The Presentence Investigation Report ("PSI") provides as follows: "Restitution in this offense has been determined to be $1,455.00. This amount can be paid to the Probation Department for forwarding to the Springfield Drug Task Force." The PSI

contains a section entitled as follows:

CRAIG DAVIS, JR.

ANTWAN JOHNSON

TRAFFICKING IN BZP AND MARIJUANA

MARCH 4, 2010 TO AUGUST 16, 2011

The section details 13 incidents involving Davis and Johnson, and 6 of them reflect amounts of money expended in controlled buys. Of those six, three involve Johnson, namely, "August 1, 2011 - Trafficking in BZP (Davis and Johnson)," in which $500.00 was expended; "August 8, 2011 - Trafficking in Marijuana (Davis and Johnson)," in which $300.00 was expended; and "August 12, 2011 - Trafficking in BZP (Davis and Johnson)," in which $375.00 was expended. The total amount of cash expended is $1,175.00. The remaining three incidents involve Davis as follows: "June 8, 2011 - Trafficking in Marijuana (Davis)," in which $280.00 was expended; "July 27, 2011 - Trafficking in Marijuana (Davis)," in which $300.00 was expended; and "August 15, 2011 - Trafficking in Marijuana (Davis)," in which $425.00 was expended.

{¶ 5} Johnson asserts one assigned error herein as follows:

"THE TRIAL COURT ERRED IN ORDERING THE DEFENDANT TO PAY RESTITUTION."

{¶ 6} Johnson asserts as follows:

The restitution details in Johnson's case were not discussed on the record at the plea or sentencing hearings. However, the PSI that was completed lists six controlled drug buys, including amounts the drugs were

purchased for. The notes in the PSI indicated that either Johnson and/or his co-defendant sold drugs during the drug buys.

The restitution amount of $1,455.00 is reached by adding the drug buy totals for the drug buys conducted on 6/8/11, 8/1/11, 8/12/11, to either the drug buy total on 7/27/11 or 8/8/11 (280 + 500 + 375 + 300 = $1,455.00).

It appears the restitution in this case was based upon money advanced by the police to conduct controlled drug buys. This is not a valid form of restitution.

**{¶ 7}** Johnson directs our attention to *State v. Moody,* 2d Dist. Greene No. 2011-CA-29, 2013-Ohio-2234. Therein, Steven Moody asserted that the "trial court erred in ordering him to pay restitution to law-enforcement authorities for expenses incurred," namely $302.94 to the Greene County Sheriff's Department. *Id*., ¶ 9 and fn. 3. This Court noted as follows:

Pursuant to R.C. 2929.18(A)(1), a trial court may order "[r]estitution by the offender to the victim of the offender's crime * * * in an amount based on the victim's economic loss." The phrase "economic loss" is defined as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense[.]" R.C. 2929.01(L). The Ohio Revised Code recognizes "four possible payees to whom the court may order restitution to be paid: the victim or survivor of the victim, the adult probation department that serves the county on behalf of the victim, the clerk of courts, and 'another agency designated by the court,' such as the crime victims'

reparations fund." *State v. Wilson*, 2d Dist. Montgomery No. 23167, 2010–Ohio–109, ¶ 20.

*Id.*, ¶ 11.

**{¶ 8}** In *Moody*, the State conceded that "law-enforcement agencies typically are not entitled to restitution for funds spent in the performance of their investigative or other duties. *See, e.g. State v. Justice*, 5th Dist. Fairfield No. 09-CA-66, 2010-Ohio-4781, ¶ 24-30; *State v. Jones*, 7th Dist. Jefferson Nos. 08 JE 20, 08 JE 29, 2010-Ohio-2704, ¶ 40,47." *Id.*, ¶ 12. The State noted, however, that " a trial court may award restitution to a law- enforcement agency when a defendant consents to the award as part of a plea agreement." *Id.* This Court noted that it has previously "recognized that '[t]he language of R.C. 2929.18(A)(1) does not specifically restrict the parties from agreeing to an award of restitution that is not provided for in the statute. *State v. Johnson*, 2d Dist. Montgomery No. 24288, 2012-Ohio-1230, ¶ 14.*" Id.*

**{¶ 9}** Moody's plea agreement, as read into the record at the plea hearing, provided: "'In consideration for Defendant's no contest plea to an amended charge of Attempted Failure to Provide Notice of Change of Address, a felony of the fourth degree, the State stands silent as to disposition.' * * * The only mention of restitution occurred when the trial court explained the potential penalties to Moody." *Id.*, ¶ 13. The record in *Moody* reflected the following exchange:

THE COURT: Do you understand that if you are found guilty, that as an additional financial sanction, the Court can order you to pay Court costs and make restitution, if appropriate?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand that restitution means compensating the victim, if there is a victim in this case, for economic loss, and the Court could determine the amount of that restitution to be paid, if applicable?

THE DEFENDANT: Yes, sir.  *Id.*, ¶ 13.

**{¶ 10}**  This Court determined as follows in *Moody*:

Nothing in the quoted plea agreement or the foregoing exchange indicates that Moody agreed to pay restitution to the Greene County Sheriff's Department. The plea agreement does not mention restitution, and the trial court merely advised Moody that it could "order" restitution "if there is a victim in this case[.]"

The State cites a plea form Moody signed. (Doc. # 43). The form, which is captioned "Rule 11 Notification and Waiver," constitutes a written acknowledgment by Moody of the various rights he waived and the potential penalties he faced, including restitution in the specific amount of $302.94, upon a plea of no contest. (*Id.*). However, being told about the possibility of restitution is not the same as agreeing to pay restitution.

Upon review, we recognize that Moody had at least two opportunities to object: at the time he signed his Rule 11 form, listing the restitution amount of $302.94, and at the sentencing when the amount was imposed. He never objected. Nonetheless, the record before us fails to demonstrate that

Moody expressly consented to pay restitution as part of his plea agreement. The trial court did not explain the basis for the award and neither does the PSI. While it may be possible that Moody's offense led to a discrete additional cost and expense of $302.94, the record does not describe it. We must therefore conclude that the order is improper because the record does not support that the restitution obligation payable to the Greene County Sheriff's Department was expressly consented to as part of the plea agreement. Based on our review of the record, we conclude that R.C. 2929.18(A)(1) did not authorize the trial court to impose a $302.94 restitution obligation payable to the Greene County Sheriff's Department. Nor did Moody consent to the restitution as part of his plea agreement. Therefore, the trial court erred in ordering him to pay restitution. Moody's second assignment of error is sustained. *Id.*, ¶ 14-16.

**{¶ 11}** In a footnote, this Court noted as follows:

Although the State complains that Moody never objected to the restitution obligation, this court has found plain error under similar circumstances. *See, e.g., State v. Johnson*, 164 Ohio App.3d 792, 2005–Ohio–6826, 844 N.E.2d 372, ¶ 22 (2d Dist.) ("Because the trial court was not authorized by law to impose a financial sanction upon defendant for the purpose of reimbursement of the Ohio Highway Patrol for the costs of its investigation in this case, * * * the $1,000 fine imposed upon defendant for that purpose constitutes an abuse of the trial court's discretion and plain

error." *Id.*, fn. 4.

*See also*, *State v. Ferguson*, 10th Dist. Franklin No. 13AP-891, 2014-Ohio-3153, ¶ 28-30 (remanding matter to vacate restitution order in the amount of $1,150.00 to the Franklin County Sheriff's Office Trust Fund "for the buy money used in the case.")

**{¶ 12}** The State herein responds that the trial court properly ordered Johnson "to pay restitution * * * to the adult probation department that serves the county on behalf of the victim."

**{¶ 13}** We agree with Johnson that the court erred in imposing restitution. The trial court did not mention restitution as part of the parties' plea agreement, and while the plea form Johnson signed indicated that restitution "may" be imposed, as in *Moody,* we conclude that "being told about restitution is not the same as agreeing to pay restitution." The trial court did not explain the basis of the award at sentencing, and neither does the PSI (which indicates that the restitution should be forwarded to  the Springfield Task Force  by the Probation Department).   Most significantly, the judgment entry of conviction merely provides that restitution is payable "*through* the Clark County Probation Department," and it does not designate a recipient.   R.C. 2929.18(A) does not authorize the imposition of restitution in this manner, and the trial court erred in ordering Johnson to pay restitution.

**{¶ 14}** Johnson's assigned error is sustained, and we hereby modify the trial court's judgment entry by vacating the requirement that Johnson pay restitution in the amount of $1,455.00.   As modified, the judgment of the trial court is affirmed.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Ryan A. Saunders
Robert Alan Brenner
Hon. Richard J. O'Neill