[Cite as *State v. Johnson*, 2012-Ohio-1230.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                   :

    Plaintiff-Appellee               :          C.A. CASE NO.    24288

v.                                              :          T.C. NO.    10CR2139

DUSTIN W. JOHNSON                               :          (Criminal appeal from
                                                Common Pleas Court)

    Defendant-Appellant              :

                                                :

· · · · · · · · · ·

**O P I N I O N**

Rendered on the ___23rd___ day of ___March___, 2012.

· · · · · · · · · ·

JOHNNA M. SHIA, Atty. Reg. No. 0067685, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

SCOTT A. ASHELMAN, Atty. Reg. No. 0074325, 703 Liberty Tower, 120 West Second Street, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

· · · · · · · · · ·

DONOVAN, J.

{¶ 1}   Defendant-appellant Dustin W. Johnson appeals his conviction and sentence for two counts of burglary (occupied structure), in violation of R.C. 2911.12 (A)(3), a felony of the third degree; one count of burglary

(habitation/person is or likely is present), in violation of R.C. 2911.12(A)(2), a felony of the second degree; and one count of grand theft (firearm), in violation of R.C. 2913.02(A)(1), a felony of the third degree.

{¶ 2}  Johnson filed a timely notice of appeal with this Court on October 5, 2010.

{¶ 3}  The incident which forms the basis for the instant appeal occurred on June 12, 2010, when Johnson broke into the Huber Heights, Ohio residence of Kathy Flayer.  Upon entering the residence, Johnson cut himself on broken glass and left a considerable amount of blood on the floor.  In an attempt to destroy his DNA, Johnson poured numerous cleaning products on the floor, including Drano and Clorox, doing a great deal of damage to the interior of Flayer's residence in the process.  Johnson also stole a firearm from Flayer's residence.  While the burglary of Flayer's home was being investigated, Johnson also burglarized the residence of Linda Harris in Vandalia, Ohio, wherein he kicked down a door to gain entry and stole jewelry.  At the time that he committed the two burglaries, Johnson was on probation in Montgomery County Case No. 2008-CR-1032.

{¶ 4}  On August 12, 2010, Johnson was indicted for two counts of burglary (occupied structure), one count of burglary (habitation/person is or likely is present), and one count of grand theft (firearm).  At his arraignment on August 17, 2010, Johnson stood mute, and the trial court entered pleas of not guilty on his behalf. On September 16, 2010, Johnson pled guilty to all of the counts in the indictment. Johnson also agreed to pay $750.00 in restitution to Harris, $250.00 in restitution to Flayer, and $18,409.07 to Grange Insurance Company.  Grange was the insurer of

Flayer's residence who ultimately bore the costs of repairing the damage caused during the burglary. At the plea hearing, the trial court noted that it could not order restitution to a third-party insurance company "unless it's otherwise agreed to." Upon conferring with his counsel, Johnson agreed on the record to be responsible for the restitution to Grange as part of the plea agreement. Additionally, the plea form that Johnson signed included an agreement that Grange would receive restitution in the amount of $18,409.07. Not only did Johnson not object to the order of restitution, he agreed to it. At the sentencing hearing held on September 30, 2010, the trial court imposed an aggregate sentence of seven years in prison.

{¶ 5} It is from this judgment that Johnson now appeals.

{¶ 6} Johnson's sole assignment of error is as follows:

{¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION AND ACTED BYOND THE SCOPE OF ITS SENTENCING AUTHORITY, PURSUANT TO O.R.C. § 2929.18. WHEN IT ORDERED DEFENDANT-APPELLANT TO PAY RESTITUTION TO A THIRD-PARTY."

{¶ 8} In his sole assignment, Johnson contends that the trial court abused its discretion when it ordered him to pay restitution of $18,409.07 to Grange Insurance Company. Specifically, Johnson argues that under R.C. 2929.18(A)(1), Grange is not a "victim" as defined by statute, but rather a third-party who is not entitled to restitution.

{¶ 9} A trial court, when "imposing a sentence upon an offender for a felony" may impose financial sanctions, including "[r]estitution * * * in an amount based on the victim's economic loss." R.C. 2929.18(A)(1). "The statute sets forth

four possible payees to whom the court may order restitution to be paid: the victim or survivor of the victim, the adult probation department that serves the county on behalf of the victim, the clerk of courts, and 'another agency designated by the court,' such as the crime victims' reparations fund. (Citations omitted)." *State v. Wilson*, 2d Dist. Montgomery No. 23167, 2010-Ohio-109, ¶ 20. "The fourth category of payee, *another agency designated by the court*, at a minimum consists of entities that 'paid the victim for the economic loss caused by the crime.' * * * (i.e., crime victims' reparations fund.)" *State v. Brinson*, 2d Dist. Montgomery No. 22925, 2009-Ohio-5040, ¶ 8, quoting *State v. Bartholomew*, 119 Ohio St. 3d 359, 2008-Ohio-4080, 894 N.E.2d 307, ¶ 12. An economic loss is "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income * * * [and] any property loss. * * * ." R.C. 2929.01(L). "Therefore, trial courts have not abused their discretion if restitution is ordered to another agency that paid for any loss of income, [or] property loss suffered by the victim." *Brinson*, supra.

{¶ 10} R.C. 2930.01(H)(1) defines a victim as a "person who is identified as the victim of a crime * * * in a police report or in a complaint, indictment, or information that charges the commission of a crime and provides the basis for the criminal prosecution * * * and subsequent proceedings to which this chapter makes reference." R.C. 2743.51 defines a victim as "a person who suffers personal injury or death as a result of * * * [c]riminally injurious conduct." Black's Law Dictionary defines "victim" in part as the "person who is the object of a crime or tort, as the victim of a robbery is the person robbed." (6th Ed. 1990), 1567.

**{¶ 11}** We have held that a trial court abuses its discretion when it orders restitution that does not bear a reasonable relationship to the actual financial loss suffered. *State v. Williams*, 34 Ohio App.3d 33, 516 N.E.2d 1270 (2d Dist. 1986). Therefore, we generally review a trial court's order of restitution under an abuse of discretion standard. See, *e.g., State v. Naylor,* 2d Dist. Montgomery No. 24098, 2011-Ohio-960, ¶22. However, when a trial court is asked to determine to whom restitution can be awarded pursuant to R.C. 2929.18(A)(1), we review the decision of the court utilizing a de novo standard of review.

**{¶ 12}** We have held that an insurance company is not a proper third-party payee under R.C. 2929.18(A)(1). *State v. Colon*, 185 Ohio App.3d 671, 675, 2010-Ohio-492, 925 N.E.2d 212 (2d Dist.). We reiterated this holding in *State v. Kiser*, 2d Dist. Montgomery No. 24419, 2011-Ohio-5551, wherein a bank reimbursed its customer whose credit card was stolen and used without her permission. We found that the bank was not a "victim" under R.C. 2929.18(A)(1), and the trial court erred as a matter of law when it awarded restitution to the bank to be paid by the defendant. Id. We noted in *Kiser* that the bank was not identified in the indictment as the victim, nor was the bank the object of the defendant's offenses. Id. Although an agreement had been struck between the State and the defendant to make restitution, the agreement did not encompass the bank. Id.

**{¶ 13}** Unlike the restitution agreement in *Kiser*, the agreement between the State and Johnson in the instant case specifically contemplated the payment of restitution to Grange for the amount it paid to repair the interior of Flayer's residence. The agreement was discussed in the following exchange between the

trial court and the parties at the plea hearing:

The State: Yes, Your Honor. I would also like to indicate Grange Insurance as a third party payee for restitution indicated that on the plea form with amount to be paid to that third party, as well.

The Court: One thing we need to check. It's been a while since I looked at the law regarding restitution and there was a quirk in the law regarding unless it's, I guess, if it's part of the plea agreement, then so be it if it's part of the plea agreement.

The State: That was my understanding. That's why I put it in the form.

The Court: I think the law is, unless it's otherwise agreed to, I believe the court would not have the ability to order restitution to a third party insurance company.

The State: That's correct.

The Court: But this agreement is.

Defense Counsel: That's my understanding, yes. But, may I inquire or will the Court inquire.

The Court: Please, go ahead and make sure your client understands.

(Off-the-record discussion.)

Defense Counsel: Thank you for that opportunity. Yes, we agree with that. Yes, he understands.

The Court: Leslie, add to the plea agreement agreed restitution in the amount of?

The State: $18,409.07.

The Court: To?

The State: Grange Insurance.

The Court: Grange Insurance. So, Mr. Johnson, is this your understanding of the plea bargain?

Defendant: *Yes, Your Honor.*

{¶ 14} As is clear from the exchange above, Johnson not only orally agreed to pay restitution to Grange, a known third-party claimant, but also acquiesced to the inclusion of the restitution agreement in the plea form that he voluntarily signed. Unlike our decisions in *Colon* and *Kiser*, there was a specific agreement between the State and Johnson for restitution to Grange. The language of R.C. 2929.18(A)(1) does not specifically restrict the parties from agreeing to an award of restitution that is not provided for in the statute. *State v. Stewart*, 3rd Dist. Wyandot No. 16-08-11, 2008-Ohio-5823. "By agreeing to the restitution award in exchange for pleading guilty, he received the benefit of his bargain:" a reduced sentence. Id. We note that in *Stewart*, the Third District held that the trial court did not err when it ordered the defendant to pay restitution to the county sheriff's office when the restitution award was made pursuant to an express plea agreement between the State and the defendant.

{¶ 15} Accordingly, we find that R.C. 2929.18(A)(1) does not prohibit an award of restitution to an insurance company when the award is made pursuant to the express plea agreement between the State and the defendant. Upon review, we conclude that the trial court did not err when it ordered Johnson to pay restitution to Grange Insurance Company.

8

{¶ 16} Johnson's sole assignment of error is overruled.

{¶ 17} Johnson's sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . .

GRADY, P.J. and HALL, J., concur.

Copies mailed to:

Johnna M. Shia
Scott A. Ashelman
Hon. Dennis J. Langer