[Cite as *State v. Abdullah*, 2012-Ohio-5405.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee           :        C.A. CASE NO. 24503

vs.                              :        T.C. CASE NOS. 2009 CR 2538

                                         2010 CR 84

MUHAMMAD ABDULLAH                :

                                         (Criminal appeal from

    Defendant-Appellant          :        Common Pleas Court)

. . . . . . . . .

**O P I N I O N**

Rendered on the     21st     day of     November   , 2012.

. . . . . . . . .

MICHELE D. PHIPPS, Assistant Prosecuting Attorney, Atty. Reg. No. 0069829, 301 W. Third Street, 5th floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

MARCY A. VONDERWELL, Atty. Reg. No. 0078311, 260 North Detroit Street, Xenia, Ohio 45385
    Attorney for Defendant-Appellant

. . . . . . . . .

HENDON, J. (by assignment):

    **{¶ 1}** Defendant-appellant Muhammad Abdullah challenges on appeal the trial court's entry ordering him to pay restitution to Rite-Aid Pharmacy and Key Bank.

Because these entities were victims of Abdullah's crimes, we find that the trial court's order of restitution was proper and we affirm that court's judgment.

*Plea and Sentencing*

{¶ 2} Abdullah entered pleas of guilty to carrying a concealed weapon and having a weapon under disability in the case numbered 09-CR-2538. And Abdullah pled guilty to possession of heroin and two counts of robbery in the case numbered 10-CR-84. Abdullah committed the two counts of robbery inside a Rite-Aid Pharmacy and a Key Bank, respectively.

{¶ 3} Regarding charges in the case numbered 09-CR-2538, the trial court imposed a sentence of one year's imprisonment for each offense. These sentences were made concurrent to each other, but consecutive to the sentences imposed in the case numbered 10-CR-84. In that case, the trial court imposed a sentence of five years imprisonment for each count of robbery and six months imprisonment for possession of heroin. The robbery sentences were made consecutive to each other but concurrent to the sentence imposed for possession of heroin. Abdullah received an aggregate sentence of 11 years imprisonment for all offenses. The trial court additionally suspended Abdullah's driver's license for a term of six months. And it ordered Abdullah to pay restitution to Rite-Aid Pharmacy in the amount of $60 and to Key Bank in the amount of $429.

*Restitution was Properly Ordered*

{¶ 4} In his sole assignment of error, Abdullah argues that the trial court's order of restitution was improper because Rite-Aid and Key Bank were third parties, rather than victims of his crimes. Generally, a trial court's order of restitution is reviewed for an abuse

of discretion. *State v. Johnson*, 2d Dist. Montgomery No. 24288, 2012-Ohio-1230, ¶ 11. But a de novo standard of review is utilized when determining to whom restitution may appropriately be awarded. *Id*.

{¶ 5} Pursuant to R.C. 2929.18(A)(1), a trial court may order restitution "to the victim of the offender's crime * * * in an amount based on the victim's economic loss." The statute further states that restitution may be made "to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court." *Id*. Abdullah contends that the trial court's award of restitution to both Rite-Aid and Key Bank was improper because these entities did not qualify as one of the possible payees to whom restitution may be ordered under R.C. 2929.18(A)(1). In support, he relies on the language in his indictment listing the victims of each robbery as, respectively, "Tuhran Taylor" and "Angela Davis, an employee of Key Bank."

{¶ 6} R.C. 2930.01(H)(1) defines a victim as "[a] person who is identified as the victim of a crime or specified delinquent act in a police report or in a complaint, indictment, or information that charges the commission of a crime." We hold that both Rite-Aid and Key Bank were victims of Abdullah's crimes.

{¶ 7} First, considering the indictments in this case, we find that Abdullah's indictment for the robbery that took place at Key Bank sufficiently labeled the bank as a victim of the robbery. And Abdullah's plea colloquy further established that both Rite-Aid and Key Bank were victims of his crimes. During the colloquy, the prosecutor stated that the victims of Abdullah's crimes were Angela Davis and Key Bank, and Rite-Aid Pharmacy and

its employee Tuhran Taylor. Abdullah did not object to the description of these entities as victims of his crimes. Further, it is clear from the presentence investigation report that the money Abdullah took during each robbery belonged to Rite-Aid and Key Bank, rather than the individual employees of these entities.

{¶ 8} This case is distinguishable from *State v. Kiser*, 2d Dist. Montgomery No. 24419, 2011-Ohio-5551, in which this court sustained an argument identical to the one raised in the instant case. In *Kiser*, the defendant had taken bank cards from two acquaintances without permission and had made purchases with those bank cards. One victim of Kiser's crimes was reimbursed by PNC Bank for the amounts that had been charged to her stolen card. PNC Bank then sought and was awarded restitution from Kiser. *Id.* at ¶ 3-5. Kiser challenged the court's order of restitution on the grounds that PNC Bank was a third party and not a victim of the crime. This court reversed the trial court's award of restitution to PNC Bank and held that the victims in that case were the individuals to whom the stolen bank cards belonged. We held that PNC Bank had not been named as a victim in the indictment and was not the object of Kiser's offenses. *Id.* at ¶ 16.

{¶ 9} The facts of this case are easily distinguishable from those in *Kiser,* and compel the opposite result. Here, Rite-Aid and Key Bank were the objects of Abdullah's offenses. The money taken during the robberies belonged to these entities, and the entities likewise bore the economic loss. The trial court properly awarded restitution to Rite-Aid and Key Bank. Abdullah's sole assignment of error is overruled, and the judgment of the trial court is accordingly affirmed.

. . . . . . . . . .

FAIN, J., and FROELICH, J., concur.

(Hon. Sylvia Sieve Hendon, First District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio)

Copies mailed to:

Michele D. Phipps
Marcy A. Vonderwell
Hon. Dennis J. Langer