[Cite as *State v. Hunter*, 2013-Ohio-3759.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                                        :

      Plaintiff-Appellee                              :                    C.A. CASE NO.    25521

v.                                                                         :                    T.C. NO.    12CR916

GERMAINE HUNTER                                             :                       (Criminal appeal from
                                                                                                  Common Pleas Court)

      Defendant-Appellant                           :

                                                                           :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____30th____ day of ____August____, 2013.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
      Attorney for Plaintiff-Appellee

WILLIAM T. DALY, Atty. Reg. No. 0069300, 70 Birch Alley, Suite 240, Dayton, Ohio 45440
      Attorney for Defendant-Appellant

. . . . . . . . . .

YARBROUGH, J. (by assignment)

**I. Introduction**

{¶ 1}     Appellant, Germaine Hunter, appeals the judgment of the Montgomery County Court of Common Pleas, ordering him to pay restitution in the amount of $463.28 to the Dayton Fire Department following his conviction for aggravated arson.   For the following reasons, we reverse.

## A. Facts and Procedural Background

{¶ 2}     On the early evening of March 23, 2012, Dayton Fire Department Investigator Nicholas Scowden was dispatched to 312 North Upland for a fire investigation. Upon arriving at the scene, Scowden spoke with a neighbor, Michael Webster, who stated that he knew who set the fire inside the house.   Webster stated that, as he was walking back to his house, he saw smoke coming from the upstairs window of 312 North Upland.   He immediately called 911.   Webster proceeded to kick in the side door and enter the premises.   Once inside, Webster found Hunter and attempted to rescue him.   Upon exiting the house, Hunter began running down the street.

{¶ 3}     After completing his investigation into the cause of the fire, Scowden concluded that the fire was the result of arson.   Specifically, he determined that the fire originated in three separate areas in the house.   Inside the house, Scowden found clothing and trash piled up in the corner of the room that had been set on fire, in addition to a set of matches and a burnt gasoline can.

{¶ 4}     Scowden ultimately contacted Dayton police regarding the arson.   After a short time, Hunter was located and transported to the Safety Building for an interview.   He immediately admitted to starting the fire by throwing a match on the gasoline he poured on the carpet.   As a result of his admission, Hunter was arrested and charged with aggravated arson.   He was subsequently indicted on two counts of aggravated arson in violation of R.C.

2909.02(A)(1).

{¶ 5}     Six months after his indictment, Hunter entered into a plea agreement whereby he pled no contest to one count of aggravated arson.  The state entered a nolle prosequi as to the remaining count.  As a result of his no contest plea, the court found Hunter guilty of aggravated arson, and, on November 14, 2012, sentenced him to a three-year prison term.  Additionally, Hunter was ordered to pay $463.28 in restitution to the Dayton Fire Department in connection with its investigatory expenses.  At sentencing, Hunter's counsel objected to the imposition of restitution on the basis that the Dayton Fire Department was not a victim in this case.

### B. Assignment of Error

{¶ 6}     Hunter now appeals the trial court's judgment, assigning the following error for our review: "Whether the trial court erred by awarding restitution to a third party, namely The Dayton Fire Department."

### II. Analysis

{¶ 7}     In his sole assignment of error, Hunter argues that the trial court erred in awarding restitution because the Dayton Fire Department is a third party, rather than a victim of his crime.  Generally, a trial court's order of restitution is reviewed for an abuse of discretion.  *State v. Johnson*, 2d Dist. Montgomery No. 24288, 2012-Ohio-1230, ¶ 11.  However, we utilize a de novo standard of review when determining to whom restitution may appropriately be awarded.  *Id.*

{¶ 8}     Pursuant to R.C. 2929.18(A)(1), a trial court may order restitution "to the victim of the offender's crime * * * in an amount based on the victim's economic loss."   The

statute further states that restitution may be made "to the victim in open court, to the adult probation department that serves the county on behalf of the victim, to the clerk of courts, or to another agency designated by the court." *Id.* Hunter argues that the trial court's award of restitution to the Dayton Fire Department was improper because it was not a "victim" to whom restitution may be ordered under R.C. 2929.18(A)(1).

{¶ 9} R.C. 2930.01(H)(1) defines a victim as "[a] person who is identified as the victim of a crime or specified delinquent act in a police report or in a complaint, indictment, or information that charges the commission of a crime." Notably, the Dayton Fire Department was not listed as a victim in the indictment and was not the object of Hunter's offenses. Thus, we conclude that the Dayton Fire Department is not a "victim" under R.C. 2929.18(A)(1). *State v. Kiser*, 2d Dist. Montgomery No. 24418, 2011-Ohio-5551, ¶ 16.

{¶ 10} However, our determination that the Dayton Fire Department is not a victim does not end our analysis. While the state appears to concede that restitution to the Dayton Fire Department is not authorized by R.C. 2929.18(A)(1), it argues that such restitution is proper under R.C. 2929.71.

{¶ 11} R.C. 2929.71 authorizes the trial court to order a convicted arsonist to make restitution to public agencies like the Dayton Fire Department. Specifically, R.C. 2929.71 provides in pertinent part:

> (B) Prior to the sentencing of an offender, the court shall enter an order that directs agencies that wish to be reimbursed by the offender for the costs they incurred in the investigation or prosecution of the offender or in the investigation of the fire or explosion involved in the case, to file with the

court within a specified time an itemized statement of those costs.   The order also shall require that a copy of the itemized statement be given to the offender or offender's attorney within the specified time.   Only itemized statements so filed and given shall be considered at the hearing described in division (C) of this section.

(C) The court shall set a date for a hearing on all the itemized statements filed with it and given to the offender or the offender's attorney in accordance with division (B) of this section.   The hearing shall be held prior to the sentencing of the offender, but may be held on the same day as the sentencing.   Notice of the hearing date shall be given to the offender or the offender's attorney and to the agencies whose itemized statements are involved.   At the hearing, each agency has the burden of establishing by a preponderance of the evidence that the costs set forth in its itemized statement were incurred in the investigation or prosecution of the offender or in the investigation of the fire or explosion involved in the case, and of establishing by a preponderance of the evidence that the offender has assets available for the reimbursement of all or a portion of the costs.

The offender may cross-examine all witnesses and examine all documentation presented by the agencies at the hearing, and the offender may present at the hearing witnesses and documentation the offender has obtained without a subpoena or a subpoena duces tecum or, in the case of documentation, that belongs to the offender.

* * *

(D) Following the hearing, the court shall determine which of the agencies established by a preponderance of the evidence that costs set forth in their itemized statements were incurred as described in division (C) of this section and that the offender has assets available for reimbursement purposes. The court also shall determine whether the offender has assets available to reimburse all such agencies, in whole or in part, for their established costs, and if it determines that the assets are available, it shall order the offender, as part of the offender's sentence, to reimburse the agencies from the offender's assets for all or a specified portion of their established costs.

{¶ 12} The state cites R.C. 2929.71 in support of the trial court's order of restitution. However, our review of the record reveals numerous flaws in the underlying proceedings that prove fatal to the state's reliance on R.C. 2929.71. First, there is no evidence contained in the record that demonstrates the trial court's entry of an order directing interested agencies to file an itemized statement of expenses as required under R.C. 2929.71(B). Second, the trial court failed to hold a hearing on the matter, at which time the Dayton Fire Department would have had the responsibility to establish that the costs set forth in its itemized statement were incurred in the investigation of the fire, and that Hunter had assets available for the reimbursement of all or a portion of those costs. R.C. 2929.71(C). Finally, the trial court failed to specifically find that Hunter had the financial ability to pay the restitution. R.C. 2929.71(D). Thus, even assuming R.C. 2929.71 authorizes the trial court to order Hunter to make restitution to the Dayton Fire Department, we conclude that the trial court failed to comply with the mandates of the statute.

**{¶ 13}** In light of the foregoing, we conclude that the trial court erred in ordering Hunter to make restitution in the amount of $463.28 to the Dayton Fire Department. Thus, the order of restitution is reversed and vacated.

**{¶ 14}** Hunter's first assignment is sustained.

### III. Conclusion

**{¶ 15}** Hunter's sole assignment having been sustained, the order of restitution to the Dayton Fire Department is reversed and vacated.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

(Hon. Stephen A. Yarbrough, Sixth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Michele D. Phipps
William T. Daly
Hon. Barbara P. Gorman