[Cite as *State v. Wilson*, 2015-Ohio-3167.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   26488 |
| | : | |
| v. | : | T.C. NO. 14CR1660/3 |
| | : | |
| BRITTANY L. WILSON | : | (Criminal Appeal from |
| | : |   Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the __7th_ day of __August__, 2015.

. . . . . . . . . .

CHRISTINA E. MAHY, Atty. Reg. No. 0092671, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

JEFFREY D. LIVINGSTON, Atty. Reg. No. 0062466, 120 W. Second Street, Suite 2000, Dayton, Ohio 45402
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

FROELICH, P.J.

        **{¶ 1}**  Brittany Wilson appeals from a judgment of the Montgomery County Court of Common Pleas, which found her guilty, on her guilty pleas, of one count of engaging in a pattern of corrupt activity (a felony of the second degree), ten counts of receiving stolen

property (all felonies of the fifth degree), one count of receiving stolen property (motor vehicle) (a felony of the fourth degree), and eight misdemeanor counts of receiving stolen property. Wilson was sentenced to community control sanctions for a period not to exceed five years and was ordered to pay restitution in an aggregate amount of $19,835.25. Wilson appeals from her conviction, challenging two aspects of the restitution order.

{¶ 2} For the following reasons, the judgment of the trial court will be affirmed.

{¶ 3} We glean the facts surrounding Wilson's offenses from the presentence investigation report. Wilson did not file a transcript of the plea hearing.

{¶ 4} From September 2013 through January 2014, the Dayton Police Department investigated a series of break-ins of garages and the cars parked in those garages. Many tools, bicycles, heaters, generators, GPS devices, and other items were taken during these thefts. The detective working these cases located some of the items at pawn shops; the items had been pawned by Brad Philbeck, Wilson's boyfriend, who had been a suspect in three additional garage break-ins in July 2013. The detective also learned that, during one of the July break-ins, Wilson's car had been left in an alley near one of the targeted garages, and she told police officers that the car had been in the possession of Philbeck.

{¶ 5} The detective spoke with Philbeck's family and learned that he lived with Wilson and a man named Robert Bingham at Wilson's residence in Dayton. The family members implicated Philbeck in late-night garage break-ins, stating that Philbeck used Wilson's car or sometimes a stolen truck to commit the crimes. The family members also reported that Wilson's garage was full of stolen items, including tools, power equipment,

and a stolen all-terrain vehicle.

{¶ 6} The detective and other officers secured Wilson's residence while they attempted to obtain a search warrant, but Wilson ultimately consented to a search. The garage was found to be full of items from numerous break-ins. Wilson stated that she rarely used her garage and did not know what it contained. She also denied having any knowledge of Philbeck's and Bingham's breaking into garages.

{¶ 7} In June 2014, Wilson, Philbeck, and Bingham were indicted for offenses related to these crimes. As discussed above, Wilson was indicted on one count of engaging in a pattern of corrupt activity and nineteen counts of receiving stolen property. She pled guilty to all counts; the plea forms she signed acknowledge that restitution was a potential sanction. On October 17, 2014, Wilson was sentenced to community control for up to five years. A restitution hearing was held on October 31, 2014, at which the claims for restitution against both Philbeck and Wilson were addressed. In an amended judgment entry filed on December 9, 2014, Wilson was ordered to pay $19,835.25 in restitution; the restitution award included $500 payable to Sharon Vires and $395 payable to Michael Weidel.

{¶ 8} Wilson appeals from her sentence, raising one assignment of error, which challenges the orders of restitution with respect to Vires and Weidel.

{¶ 9} Under R.C. 2929.18(A)(1) (related to felonies) and R.C. 2929.28 (related to misdemeanors), a court may order an offender to pay, as part of the sentence, a financial sanction in the form of restitution by the offender to the victim of the crime "in an amount based on the victim's economic loss." A "victim" is a "person who is identified as the victim of a crime * * * in a police report or in a complaint, indictment, or information that

charges the commission of a crime and that provides the basis for the criminal prosecution * * * and subsequent proceedings to which this chapter makes reference." R.C. 2930.01(H)(1). Stated differently, a "victim" is the "person who is the object of a crime or tort, as the victim of a robbery is the person robbed." *State v. Johnson*, 2d Dist. Montgomery No. 24288, 2012-Ohio-1230, ¶ 10, citing Black's Law Dictionary 1567 (6th Ed.1990).

{¶ 10} R.C. 2929.18(A)(1) and R.C. 2929.28(A)(1) provide, in part:

If the court imposes restitution, at sentencing, the court shall determine the amount of restitution to be made by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount.

{¶ 11} A trial court abuses its discretion when it orders restitution that does not bear a reasonable relationship to the actual financial loss suffered. *Johnson* at ¶ 11. Therefore, we generally review a trial court's order of restitution under an abuse of discretion standard; an abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Id.*; *State v. Naylor,* 2d Dist. Montgomery No. 24098, 2011-Ohio-960, ¶ 22. However, when a trial court is asked to determine to

whom restitution can be awarded pursuant to R.C. 2929.18(A)(1) or R.C. 2929.28(A), we review the decision of the court utilizing a de novo standard of review.   *Johnson* at ¶ 11.

{¶ 12}  Wilson contests the award of restitution in two respects:   the $500 awarded to Sharon Vires, and the $395 awarded to Michael Weidel.   Wilson's objections are based on the fact that neither of these victims was named in her indictment.

{¶ 13}  Craig Vires (not Sharon) was named in Count 12 of the indictment, which charged Wilson with receiving stolen property.   The indictment alleged that a motor vehicle, specifically an all-terrain vehicle, had been stolen from Craig Vires and that Wilson had received, retained, or disposed of this property.   A victim impact statement attached to the presentence investigation listed "Craig and Sharon Vires" as the victims of the offense; it further stated that the "Mr. Vires * * * claimed his losses with his insurance company," and that the insurance company had paid him $2,351.86 after he paid his $500 deductible.   The PSI also stated that Mr. Vires had "provided documentation of this information."   Thus, the $500 deductible formed the basis for the award of restitution.

{¶ 14}  Neither the PSI nor the amended judgment entry states why the restitution was ordered to be paid to Sharon Vires rather than Craig Vires, but there is no dispute that Craig and Sharon Vires's garage was burglarized, and Wilson does not raise any concern with respect to "double" restitution.   The PSI implies that Craig and Sharon were related or married and lived at the same address.   It is possible that the "documentation" provide by Craig Vires included evidence that the insurance policy was in Sharon's name, or the like.   Based on the evidence before us, we cannot conclude that the trial court erred or abused its discretion when it ordered restitution payable to Sharon Vires rather than Craig Vires in the amount of the deductible, $500.

{¶ 15} Additionally, Wilson objects to the award of $395 to Michael Weidel, who was not named in her indictment or PSI, but testified at the restitution hearing. Weidel and his step-son, Shawn Meeker, who was named in Wilson's indictment, each testified at the restitution hearing to having their individual tools stolen from the garage of the home where they live. The State asserts in its brief that, because Weidel was identified in the case of Wilson's co-defendant, Philbeck, as the victim of a breaking and entering committed by Philbeck, Weidel was also a victim of Wilson's conviction for engaging in a pattern of corrupt activity (by her receiving and retaining the stolen property). The State's brief states that, although Wilson "may not have pled guilty to retaining specific property stolen from Michael Weidel, she did plead guilty to participating in the criminal enterprise that victimized him."

{¶ 16} The definition of a "victim," for purposes of restitution, is not limited to those named in an indictment. See R.C. 2930.01(H)(1). There was no dispute at the restitution hearing that Weidel had suffered an economic loss in circumstances identical to Meeker's economic loss. In light of the interconnectedness of Philbeck's and Wilson's crimes and Weidel's and Meeker's economic losses, and in light of Weidel's testimony at the joint restitution hearing that he had suffered economic loss as a result of Philbeck's criminal enterprise, the trial court did not err or abuse its discretion in concluding that Weidel was a "victim" of Wilson's offenses or in ordering Wilson to pay restitution to Weidel pursuant to her conviction for engaging in a pattern of corrupt activity with Philbeck.

{¶ 17} Wilson's assignment of error is overruled.

{¶ 18} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Christina E. Mahy
Jeffrey D. Livingston
Hon. Michael L. Tucker