[Cite as *State v. Carroll*, 2015-Ohio-4109.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2015-CA-26 |
| | : | |
| v. | : | Trial Court Case No. 2014-CRB-2021 |
| | : | |
| ZACHARY R. CARROLL | : | (Criminal Appeal from |
| | : | Municipal Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of October, 2015.

. . . . . . . . . .

RONALD LEWIS, Atty. Reg. No. 0061980, Xenia City Prosecutor, City Hall Room 236, 101 North Detroit Street, Xenia, Ohio 45385
      Attorney for Plaintiff-Appellee

LARRY J. DENNY, Atty. Reg. No. 0020430, 371 West First Street, 2nd Floor, Dayton, Ohio 45402
      Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Zachary R. Carroll, appeals from the decision of the Xenia Municipal Court ordering him to pay restitution in the amount of $664 after he pled guilty to one count of failure to confine his dog. For the reasons outlined below, the judgment of the trial court will be affirmed.

{¶ 2} On February 3, 2015, Carroll pled guilty to one count of failure to confine in violation of R.C. 955.22, a misdemeanor of the fourth degree. The charge arose from an incident on October 31, 2014, where Carroll's dog ran loose and killed nine hens and four ducks owned by Carroll's neighbor, Jeffery Lacon, as well as causing some structural damage to Lacon's property.

{¶ 3} The parties could not agree on the amount of restitution to be awarded, so on March 24, 2015, the trial court held a combined restitution and sentencing hearing. The State did not appear at the hearing, but a representative from the Xenia Victim Assistance Program, Leah Lind, appeared on behalf of Lacon.

{¶ 4} During the hearing, Lind provided the court with an itemized list of Lacon's claimed damages, which totaled $664. The list set forth the cost to repair the property damage and the market value of the hens and ducks that were killed, as well as the lost income from egg sales over a period of 90 days. Lacon calculated the lost egg income by using an average market value of $4 per dozen and estimated that his nine hens would have produced four dozen eggs per week. Therefore over a period of 90 days, Lacon calculated a loss of $206 ($16 per week multiplied by 12.86 weeks, i.e. 90 days).

{¶ 5} Following the presentation of damages, Carroll disputed the $206 for lost egg

income, arguing that the statute governing misdemeanor restitution, R.C. 2929.28, does not permit financial sanctions for such a loss. Carroll, however, indicated that he was willing to pay restitution for the remaining $458 in claimed property damage.

{¶ 6} After reviewing R.C. 2929.28, the trial court disagreed with Carroll's interpretation of the statute and ordered him to pay restitution for the lost egg income and property damage. Accordingly, Carroll was ordered to pay $664 in restitution, as well as a $250 fine and court costs. The trial court also issued a suspended 30-day jail sentence on the condition that Carroll not commit a similar violation within five years.

{¶ 7} On March 31, 2015, Carroll filed a motion to reconsider the restitution order, arguing that it was improper for the trial court to order him to pay $206 for the lost egg income. A hearing on the motion was held on April 13, 2015. During the hearing, the trial court advised Carroll that it would not reconsider the restitution order unless he withdrew his guilty plea and proceeded to trial on the original charges. However, instead of withdrawing his plea, Carroll appealed from the trial court's March 24, 2015 sentencing order, raising one assignment of error for review.

{¶ 8} Carroll's sole assignment of error is as follows:

THE TRIAL COURT ERRED IN RENDERING ITS ORDER OF RESTITUTION.

{¶ 9} Under his single assignment of error, Carroll challenges the trial court's decision awarding Lacon $206 in restitution for the lost egg income. Carroll contends the lost egg income does not qualify as an economic loss for which restitution may be awarded pursuant to R.C. 2929.28. According to Carroll, R.C. 2929.28 limits restitution in misdemeanor cases to the cost of repairing or replacing property. We disagree.

**{¶ 10}** R.C. 2929.28 specifies the types of financial sanctions a trial court may impose in misdemeanor cases, including restitution. The statute provides, in pertinent part, the following:

> [T]he court imposing a sentence upon an offender for a misdemeanor, including a minor misdemeanor, may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section. If the court in its discretion imposes one or more financial sanctions, the financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:
>
> (1) Unless the misdemeanor offense is a minor misdemeanor or could be disposed of by the traffic violations bureau serving the court under Traffic Rule 13, restitution by the offender to the victim of the offender's crime or any survivor of the victim, *in an amount based on the victim's economic loss.* * * *
>
> If the court imposes restitution, the court shall determine the amount of restitution to be paid by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, *provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.* If the court decides to impose restitution, the court shall hold an evidentiary

hearing on restitution if the offender, victim, or survivor disputes the amount of restitution. If the court holds an evidentiary hearing, at the hearing the victim or survivor has the burden to prove by a preponderance of the evidence the amount of restitution sought from the offender.

(Emphasis added.)   R.C. 2929.28(A)(1).

{¶ 11} Contrary to Carroll's claim otherwise, R.C. 2929.28(A)(1) does not contain language limiting restitution to property damage, but instead, limits restitution to the economic loss suffered by the victim or his survivors as a result of the offender's crime. R.C. 2929.01(L) defines the term "economic loss" as:

[A]ny economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, medical cost, or funeral expense incurred as a result of the commission of the offense. "Economic loss" does not include non-economic loss or any punitive or exemplary damages.

{¶ 12} Because the list of economic losses included within the foregoing definition is connected to the first clause through the use of a conjunction, the General Assembly has indicated that an economic loss is principally defined as "any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense" and that the listed items that follow are examples of items that meet the criteria laid out in the first clause.   *See In re Z.N.*, 2015-Ohio-1213, 29 N.E.3d 1016, ¶ 14 (11th Dist.) (analyzing a comparable definition of "economic loss" under R.C. 2152.02(L)); *Trans Rail Am., Inc. v. Enyeart*, 123 Ohio St.3d 1, 2009-Ohio-3624, 913 N.E.2d 948, ¶ 28 (finding

the word "includes" following a list of examples in a statute is illustrative rather than an exhaustive list). Therefore, determining whether something is an economic loss pursuant to R.C. 2929.01(L) does not depend on whether it falls into one of the categories after the conjunction, but rather, is dependent on whether the loss is an economic detriment suffered by the victim that is the proximate result of the offense at issue. *See Id.*

{¶ 13} "R.C. 2929.28(A)(1) grants broad discretion to the trial court to 'base the amount of restitution it orders' on new information presented at the restitution hearing, which can be from the victim, the offender, a presentence investigation report, estimates, receipts, or 'any other information.' " *State v. Olson*, 2d Dist. Montgomery No. 25452, 2013-Ohio-4403, ¶ 8. In turn, "we generally review a trial court's order of restitution under an abuse of discretion standard[.]" *State v. Wilson*, 2d Dist. Montgomery No. 26488, 2015-Ohio-3167, ¶ 11.

{¶ 14} "A trial court abuses its discretion when it orders restitution that does not bear a reasonable relationship to the actual financial loss suffered." *Id.*, citing *State v. Johnson*, 2d Dist. Montgomery No. 24288, 2012-Ohio-1230, ¶ 11. In addition, a court abuses its discretion if the award of restitution is not supported by competent, credible evidence in the record from which the court can discern the amount of restitution to a reasonable degree of certainty. (Citations omitted.) *Olson* at ¶ 33.

{¶ 15} "The evidence to support a restitution order can take the form of either documentary evidence or testimony." (Citations omitted.) *State v. Jones*, 10th Dist. Franklin No. 14AP-80, 2014-Ohio-3740, ¶ 23. Moreover, "[t]he trial court is authorized to base the amount of restitution on an amount recommended by the victim." *State v.*

*Pillow*, 2d Dist. Greene No. 07CA095, 2008-Ohio-6046, ¶ 148; 2929.28(A)(1).

{¶ **16**} In this case, the lost income from the sale of eggs that would have been produced by Lacon's deceased hens qualifies as an economic detriment that presumably would not have occurred but for Carroll's dog becoming loose and killing the hens.   The $206 figure for the lost egg income was supported by Lacon's written estimate, which the trial court was free to use in deciding the amount of restitution to award.   Again, the trial court had broad discretion to determine whether the estimate was reasonable and we find that the restitution awarded by the trial court bears a reasonable relationship to Lacon's financial loss.   Accordingly, we do not find that the trial court's decision ordering Carroll to pay $206 for the lost egg income was an abuse of discretion.

{¶ **17**} Carroll's sole assignment of error is overruled and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

FAIN, J. and HALL, J., concur.

Copies mailed to:

Ronald Lewis
Larry J. Denny
Hon. Michael K. Murry