[Cite as *State v. Williams*, 2017-Ohio-125.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   27072 |
| | : | |
| v. | : | T.C. NO. 15TRD11860 |
| | : | |
| SHERRY WILLIAMS | : | (Criminal Appeal from |
| | : |  Municipal Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___13th___ day of _____January_____, 2017.

. . . . . . . . . .

TROY B. DANIELS, Atty. Reg. No. 0084957, Assistant City Prosecutor, 335 W. Third Street, Rm. 372, Dayton, Ohio 45402
        Attorney for Plaintiff-Appellee

JAMES S. SWEENEY, Atty. Reg. No. 0086402, 341 S. Third Street, Suite 100, Columbus, Ohio 43215
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Sherry Williams appeals her conviction and sentence for one count of reckless operation, in violation of R.C. 4511.20, a misdemeanor of the fourth degree.   Williams filed a timely notice of appeal with this Court on March 28, 2016.

{¶ 2} The incident which forms the basis for the instant appeal occurred on

November 11, 2015, when Williams was cited by Dayton Police Officer Eric T. Brown for failure to control her vehicle and failure to stop after an accident after she crashed into a fence owned by Mahle Behr Dayton, LLC, a business located near Leo Street in Dayton, Ohio. At her arraignment on November 30, 2015, Williams pled not guilty to all of the offenses charged in the traffic citation.

{¶ 3} Shortly thereafter, on December 14, 2015, Williams pled guilty to an amended charge of one count of reckless operation in return for dismissal of the remaining counts. As part of her plea, Williams also agreed to pay restitution for the damaged fence in an amount to be determined by the probation department in her presentence investigation report (PSI).

{¶ 4} At her sentencing hearing on January 19, 2016, Williams acknowledged her prior guilty plea to one count of reckless operation, as well as her agreement to pay restitution for the damage she caused. Williams, however, objected to the restitution amount indicated in her PSI and requested a hearing to determine the proper amount. The trial court granted Williams' request for a restitution hearing.

{¶ 5} The trial court subsequently held a restitution hearing on February 9, 2016. The only witness to testify at the hearing was Joel Zeugner, Chief Probation Officer for the Dayton Municipal Court. Zeugner testified that he was the individual who prepared Williams' PSI. In order to prepare the PSI, Zeugner testified that he contacted the owner of Mahle Behr Dayton, LLC, Boris Nordel. Zeugner further testified that Nordel sent him two estimates from different companies to repair the damage done by Williams when she crashed into the fence.

{¶ 6} The first estimate, State's Exhibit A, was prepared by Allied Fence Builders,

Inc. for $5,250.00. The second estimate, State's Exhibit B, was prepared by J.L. Kuck, General Contractors, Inc. for $5,998.00. Both estimates described the repairs that needed to be done to repair the fence on Leo Street. Zeugner testified that the probation department's policy was to utilize the lower of the two estimates for the restitution amount to be ordered. Therefore, the restitution amount decided upon was $5,250.00, the amount of the estimate provided by Allied Fence Builders. Williams presented no evidence at the restitution hearing.

{¶ 7} The trial court found that the State had met is burden regarding the amount of restitution to be ordered. The trial court, however, ordered the probation department to investigate whether Mahle Behr Dayton was insured, and if so, the amount of its deductible. The sentencing hearing was held on March 21, 2016. The State presented evidence that the business' insurance deductible was $250,000.00 via documentation in the presentence report. Thereafter, the trial court sentenced Williams to thirty days in jail, suspended; non-reporting probation to include restitution in the amount of $5,250.00; a fine of $50.00; and court costs.

{¶ 8} It is from this judgment that Williams now appeals.

{¶ 9} Williams' sole of assignment of error is as follows:

{¶ 10} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ORDERED APPELLANT TO PAY RESTITUTION IN THE AMOUNT OF $5,250.00."

{¶ 11} In her sole assignment, Williams contends that the trial court abused its discretion when it ordered restitution in the amount of $5,250.00. Specifically, Williams argues that the State failed to adduce competent, credible evidence establishing exactly how much of the damage to the fence was caused by her and whether there was any pre-

existing damage to the fence for which she was not responsible.

{¶ 12} R.C. 2929.28 specifies the types of financial sanctions a trial court may impose in misdemeanor cases, including restitution. The statute provides the following in pertinent part:

[T]he court imposing a sentence upon an offender for a misdemeanor, including a minor misdemeanor, may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section. If the court in its discretion imposes one or more financial sanctions, the financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

(1) Unless the misdemeanor offense is a minor misdemeanor or could be disposed of by the traffic violations bureau serving the court under Traffic Rule 13, restitution by the offender to the victim of the offender's crime or any survivor of the victim, *in an amount based on the victim's economic loss.* * * *

If the court imposes restitution, the court shall determine the amount of restitution to be paid by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, *provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the*

*offense.* If the court decides to impose restitution, the court shall hold an evidentiary hearing on restitution if the offender, victim, or survivor disputes the amount of restitution. If the court holds an evidentiary hearing, at the hearing the victim or survivor has the burden to prove by a preponderance of the evidence the amount of restitution sought from the offender.

(Emphasis added.) R.C. 2929.28(A)(1).

{¶ 13} "R.C. 2929.28(A)(1) grants broad discretion to the trial court to 'base the amount of restitution it orders' on new information presented at the restitution hearing, which can be from the victim, the offender, a presentence investigation report, estimates, receipts, or 'any other information.' " *State v. Olson,* 2d Dist. Montgomery No. 25452, 2013–Ohio–4403, ¶ 8. In turn, "we generally review a trial court's order of restitution under an abuse of discretion standard[.]" *State v. Wilson,* 2d Dist. Montgomery No. 26488, 2015–Ohio–3167, ¶ 11.

{¶ 14} "A trial court abuses its discretion when it orders restitution that does not bear a reasonable relationship to the actual financial loss suffered." *Id.,* citing *State v. Johnson,* 2d Dist. Montgomery No. 24288, 2012–Ohio–1230, ¶ 11. In addition, a court abuses its discretion if the award of restitution is not supported by competent, credible evidence in the record from which the court can discern the amount of restitution to a reasonable degree of certainty. (Citations omitted.) *Olson* at ¶ 33.

{¶ 15} "The evidence to support a restitution order can take the form of either documentary evidence or testimony." (Citations omitted.) *State v. Jones,* 10th Dist. Franklin No. 14AP–80, 2014–Ohio–3740, ¶ 23. Moreover, "[t]he trial court is authorized to base the amount of restitution on an amount recommended by the victim." *State v.*

*Pillow,* 2d Dist. Greene No. 07CA095, 2008–Ohio–6046, ¶ 148; R.C. 2929.28(A)(1).

{¶ **16**} We note that Williams does not challenge the trial court's finding that her conduct in crashing into the fence on Leo Street was the proximate cause of some damage to the victim's fence.   Williams does, however, dispute the amount of restitution ordered by the trial court arguing that "no evidence was provided to the trial court to inform it how much of the damage to the fence was caused by [Williams]."   For the following reasons, we find Williams' argument to be without merit.

{¶ **17**} As previously discussed, Zeugner testified that in preparing Williams' PSI, he corresponded with Nordel, the owner of Mahle Behr Dayton, who, in turn, requested and received estimates from two local fence building companies regarding the cost to repair the fence bordering Leo Street.   The first estimate, State's Exhibit A, was prepared by Allied Fence Builders, Inc. and quoted a repair estimate of $5,250.00.   The second estimate, State's Exhibit B, was prepared by J.L. Kuck, General Contractors, Inc. for $5,998.00.   Zeugner testified that the probation department's policy was to utilize the lower of the two estimates for the restitution amount to be ordered.   Therefore, the restitution amount decided upon was $5,250.00, the amount of the estimate provided by Allied Fence Builders and incorporated into Williams' PSI.   Allied's estimate stated the following:

1. Repair all damaged components of fence along Leo St.   Parts that need to be replaced will be with equivalent in size, strength & finish.

2. Replace approximately 60ft of 6 gauge chain link fabric.   This is a non-standard gauge and will take some time to get in stock.

3. Replace all barbed wire on the entire line.   Existing wire is too old to

splice.

4. Removal of existing gate and bending back to as straight as possible. May have to be brought back to fabrication shop in order to accomplish this.

5. Tie all new and existing fabric back to posts.

6. Replace bottom tension wire as needed.

7. Dispatch our gate operator technician to hook existing operator back up and test.

TOTAL INSTALLED COST: $5,250.00 based on non-prevailing wage rates.

{¶ 18} In the instant case, we find that State's Exhibit A, Allied's repair estimate, constitutes competent, credible evidence from which the trial court could determine, within a reasonable degree of certainty, the amount of the victim's actual loss. No evidence was adduced which established that the fence was damaged in any way before Williams crashed into it. More importantly, Williams does not dispute that her conduct proximately caused damage to the fence. Therefore, the trial court did not abuse its discretion when it ordered Williams to pay restitution in the amount of $5,250.00.

{¶ 19} Williams' sole assignment of error is overruled.

{¶ 20} Williams' sole assignment of error having been overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

HALL, P.J. and WELBAUM, J., concur.

Copies mailed to:

Troy B. Daniels
James S. Sweeney
Hon. Mia Wortham Spells