[Cite as *State v. Caldwell*, 2023-Ohio-355.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 22CA2 |
| Plaintiff-Appellee, | : | |
| | : | |
| v. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| | : | |
| RYAN CALDWELL, | : | |
| | : | **RELEASED: 02/01/2023** |
| Defendant-Appellant. | : | |

<u>APPEARANCES:</u>

Jeffery L. Finley, Gallipolis, Ohio, for Appellant.

James K. Stanley, Meigs County Prosecuting Attorney, and Pat Story, Assistant Meigs County Prosecutor, Pomeroy, Ohio, for Appellee.

Wilkin, J.

{¶1} Appellant, Ryan Caldwell ("Caldwell"), appeals a Meigs County Court judgment entry ordering him to pay $16,613.26 in restitution.

{¶2} Caldwell asserts two assignments of error: (1) "the trial court abused its discretion by awarding restitution whereas an award of restitution was not supported by competent, credible evidence[,]" and (2) "the trial court abused its discretion when awarding restitution by failing to apply the proper measure of damages for a vehicle which is a total loss."

{¶3} In response, the state asserts that "the order of restitution was not an abuse of discretion. That order was reasonable and supported by testimonial and documentary evidence[.]"

{¶4} After reviewing the parties' arguments, the record, and the applicable law, we find that the trial court abused its discretion in ordering Caldwell to pay restitution in the amount of $16,613.26.  Therefore, we reverse the trial court's judgment and remand the cause for the trial court to calculate restitution consistent with our decision herein.

BACKGROUND

{¶5} The state charged Caldwell with the unauthorized use of Steven Wandling's 2000 Ford F-350 pickup truck in violation of R.C. 2913.03(A), which was a first-degree misdemeanor in this case.  The state alleged that Caldwell, while operating the truck on June 6, 2020, crashed it, and the "cost to repair" was $16,613.26.

{¶6} Caldwell pleaded guilty to the offense.  The trial court accepted Caldwell's guilty plea, and sentenced him to pay a fine of $250, 180 days in jail, all suspended, 24 months of non-reporting probation, and court costs of $120. The court further set a restitution hearing for January 14, 2022.

{¶7} At the restitution hearing, Wandling testified that Caldwell stole and crashed his 2000 Ford 350 crew-cab, dual-rear-wheeled, pickup truck ("truck").[1] Wandling testified that the truck was "a total loss."  Wandling obtained an estimate from Superior Autobody ("Superior"), dated July 6, 2020, that itemized the cost of the parts, paint, and labor needed to repair his truck, which totaled $16,613.26.  The estimate stated: "NOT A COPLETE [sic] ESTIMATE DAMAGE EXCEEDS VALUE."  Counsel for Caldwell objected to the estimate as being

---

[1] Wandling also testified that the pickup was a 2003 model.  We assume his testimony in that regard was merely a mistake.

hearsay.  The judge overruled the objection.  Wandling testified that "the total damages [of $16,613.26] on this is, um, I know it exceeded the [value of the] vehicle."  Wandling testified that he searched "Google" and determined that a replacement for his truck would cost from $10,000 to $30,000.

{¶8} On cross-examination, Wandling testified that he acquired his truck by way of a trade.  He admitted that the estimate from Superior indicated that the cost to repair his truck exceeded its value.  However, he testified that he did not agree with that conclusion.  Wandling also testified that in June of 2020 he told Caldwell that the truck was worth $8,000 to $10,000.  He also testified that his truck had approximately 230,000 miles on the odometer.

{¶9} Citing the evidence, including Superior's repair estimate, the trial court issued an entry ordering Caldwell to pay $16,613.26 in restitution.  It is this judgment that Caldwell appeals.

ASSIGNMENTS OF ERROR

I.      THE TRIAL COURT ABUSED ITS DISCRETION BY AWARDING
        RESTITUTION WHEREAS AN AWARD OF RESTITUTION WAS
        NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE.

II.     THE TRIAL COURT ABUSED ITS DISCRETION WHEN
        AWARDING RESTITUTION BY FAILING TO APPLY THE
        PROPER MEASURE OF DAMAGES FOR A VEHICLE WHICH IS
        A TOTAL LOSS.

Caldwell's Assignments of Error

{¶10} In his first assignment of error, Caldwell claims that the evidence showed that Wandling's truck was destroyed in the accident, and Superior's estimate indicated that its $16,613.26 cost to repair the truck was greater than the value of the truck.  Therefore, consistent with *Falter v. City of Toledo*, 169

Ohio St. 238, 158 N.E.2d 238 (1959), Caldwell maintains that the state was required to present evidence of the market value of Wandling's truck immediately prior to its destruction in the accident. Because the state presented no such evidence, the state failed to satisfy its burden establishing the amount of restitution to be ordered, and the trial court abused its discretion by ordering restitution in an amount greater than Wandling's economic loss. Therefore, Caldwell asks this court to reverse the trial court's judgment of restitution.

{¶11} In his second assignment of error, Caldwell claims that the trial court failed to use the proper measure of damages in ordering him to pay $16,613.26 in restitution. Caldwell maintains *Falter* sets out the proper calculation to determine the value of a vehicle that is damaged or destroyed in an accident. More specifically, *Falter* provides that if a vehicle is destroyed in an accident the value of the vehicle is its value immediately prior to the accident.

{¶12} In response, the state claims that R.C 2929.28(A)(1) authorizes a court to order restitution based on an amount recommended by the victim of the offense, as well as estimates and receipts indicating the cost of repair or replacing the property. The state claims that it submitted testimony from the victim, Wandling, as well as an estimate that indicated that repairing Wandling's truck would cost $16,613.26. Therefore, because the evidence supports the amount of restitution ordered, the state maintains that the trial court did not abuse its discretion so its judgment should be affirmed.

## LAW

### A.  Standard of Review

**{¶13}** "[Appellate courts] review misdemeanor restitution orders for an abuse of discretion."[2]  *State v. Laudermilk*, 11th Dist. Portage No. 2021-P-0054, 2022-Ohio-659, ¶50, citing *State v. Dent*, 11th Dist. Lake No. 2020-L-110, 2021-Ohio-2551, ¶ 15; *State v. Wright*, 4th Dist. Scioto No. 20CA3922, 2021-Ohio-2692, ¶ 16; *State v. Dolphin,* 2d Dist. Montgomery No. 25695, 2014-Ohio-3434, ¶ 24; *Columbus v. Repine*, 10th Dist. Franklin No. 07AP-250, 2007-Ohio-5015, ¶ 16 (French J., concurring).  "An abuse of discretion consists of more than an error of judgment; it connotes an attitude on the part of the trial court that is unreasonable, unconscionable, or arbitrary."  *State v. Wyatt*, 4th Dist. Pike No. 01CA672, 2002-Ohio-4479, ¶ 20, citing *State v. Lessin*, 67 Ohio St.3d 487, 620 N.E.2d 72 (1993), citing *Rock v. Cabral*, 67 Ohio St.3d 108, 616 N.E.2d 218 (1993).  " 'An abuse of discretion includes a situation in which a trial court did not engage in a "sound reasoning process"; this review is deferential and does not permit an appellate court to simply substitute its judgment for that of the trial court.' "  *State v. Inman*, 4th Dist. Washington No. 19CA27, 2021-Ohio-1573, ¶ 7, quoting *State v. Felts*, 2016-Ohio-2755, 52 N.E.3d 1223, ¶ 29 (4th Dist.), quoting *State v. Darmond,* 135 Ohio St.3d 343, 2013-Ohio-966, 986 N.E.2d 971, ¶ 34.

**{¶14}** " 'A trial court abuses its discretion when it orders restitution that does not bear a reasonable relationship to the actual financial loss suffered.' "

---

[2] In contrast, the standard of review for felony restitution decisions is whether it is "contrary to law."  *See State v. Thornton*, 2017-Ohio-4037, 91 N.E.3d 359, ¶ 12 (1st Dist.).

*State v. Williams*, 2d Dist. Greene No. 27072, 2017-Ohio-125, ¶ 14, quoting

*State v. Wilson,* 2d Dist. Montgomery No. 26488, 2015-Ohio-3167, ¶ 11, citing,

*State v. Johnson,* 2d Dist. Montgomery No. 24288, 2012-Ohio-01230, ¶ 11. "In

addition, a court abuses its discretion if the award of restitution is not supported

by competent, credible evidence in the record from which the court can discern

the amount of restitution to a reasonable degree of certainty. (Citations

omitted.)" *Id.*, citing *State v. Olson,* 2d Dist. Montgomery No. 25452, 2013-Ohio-

4403, ¶ 33.

### B. Restitution

#### 1. R.C. 2929.28(A)(1)

**{¶15}** "R.C. 2929.28(A)(1) provides a statutory mechanism for ordering

restitution in misdemeanor cases, allowing *a court to impose* financial sanctions

on a criminal offender that includes 'restitution by the offender to the victim of the

offender's crime[.]' " (Emphasis sic.) *Laudermilk*, 11th Dist. Portage No. 2021-P-

0054, 2022-Ohio-659, ¶ 47, quoting *State v. Dent*, 11th Dist. Lake No. 2020-L-

110, 2021-Ohio-2551, ¶ 16. In pertinent part, R.C. 2929.28(A)(1) states:

> If the court imposes restitution, the court shall determine the amount of restitution to be paid by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.

**{¶16}** R.C. 2929.01(L) defines "economic loss" in pertinent part, as "any

economic detriment suffered by a victim as a direct and proximate result of the

commission of an offense * * *." The amount of "restitution must be limited to the

actual economic loss caused by the illegal conduct for which the defendant was

convicted." *State v. Warner*, 55 Ohio St.3d 31, 69, 564 N.E.2d 18 (1990). "The

State bears the burden of establishing the restitution amount." *State v. Turner*,

2d Dist. Champaign No. 2017-CA-15, 2018-Ohio-2860, ¶ 9, citing *State v.

Granderson*, 177 Ohio App.3d 424, 2008-Ohio-3757, 894 N.E.2d 1290 (5th

Dist.).

2.  Assessing Value of a Damaged Motor Vehicle

**{¶17}** "With respect to a party's right to recover for damage to his or her

vehicle caused by the negligence of another * * * [t]he Ohio Supreme Court set

forth the general rule for calculating such damages in *Falter v. Toledo*, (1959),

169 Ohio St. 238, 240, 158 N.E.2d 893." *Rakich v. Anthem Blue Cross & Blue

Shield*, 172 Ohio App. 3d 523, 2007-Ohio-3739, 875 N.E.2d 993, ¶ 9 (10th Dist.).

In *Falter*, the Court held:

> "The damages sustained by an automobile in a collision
> may be established by showing the reasonable cost of the repairs
> necessary to restore it to its former condition, although the general
> rule is that the measure of damages to personal property is the
> difference between its market value immediately before and
> immediately after the injury. This rule is subject to the limitation *
> * * that the cost of repairs must be less than the diminution in
> market value due to the injury * * *. The plaintiff should not benefit
> by the loss. * * * Where the automobile is totally destroyed, the
> measure of damages is its reasonable market value immediately
> before destruction. There can be no recovery beyond such value
> for mere repairs."

(Ellipses sic.)  *Falter*, 169 Ohio St. at 240, 158 N.E.2d 893, quoting *Gass v.

Agate Ice Cream, Inc.*, 264 N.Y. 141, 190 N.E. 323.

**{¶18}** Thus, "[i]n many instances, it is permissible for a party to seek the reasonable cost of repairs." *Crawford v. Rinkes*, 7th Dist. Monroe No. 870, 2002-Ohio-5247, ¶ 12, citing *Falter*, 169 Ohio St. at 240. "However, if the damage to the vehicle is so extensive that the cost of repairs exceeds the difference in market value immediately before and after the accident, the party will not receive the cost of repair but will be awarded the diminution in value." *Id*., citing *Falter* at paragraph two of the syllabus.

ANALYSIS

**{¶19}** Because Caldwell's assignments of error are interrelated, we address them together. We begin by addressing the applicability of *Falter*.

A. *Falter v. Toledo* is Instructive

**{¶20}** As a preliminary matter, we address Caldwell's claim that a trial court must utilize the damage formula set out in *Falter* to determine the amount of restitution that it may order an offender to pay if the property damaged is an automobile. *Falter* is a 1959 case that establishes a common law method of calculating the damage of an automobile that has been involved in an accident. In contrast, restitution for damage caused to property by a misdemeanor offense is authorized by statute (R.C. 2929.28) that was effective January 1, 2004. The Supreme Court instructs that

> [s]tatutes be read and construed in the light of and with reference to the rules and principles of the common law in force at the time of their enactment, and in giving construction to a statute the Legislature will not be presumed or held to have intended a repeal of the settled rules of the common law, unless the language employed by it clearly expresses or imports such intention.

*State ex rel. Morris v. Sullivan*, 81 Ohio St. 79, 90 N.E. 146 (1909), syllabus;
*State v. Moore*, 2020-Ohio-4321, 158 N.E.3d 111, ¶ 24 (4th Dist.).

{¶21} R.C. 2929.28(A)(1) provides the authority and method for calculating restitution that includes a ceiling for the amount of restitution that may be ordered. In pertinent part, it provides:

> The court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution *shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense*.

*Id.* (Emphasis added.)

{¶22} *Falter*, which was decided in 1959, provides that if an automobile is damaged in an accident, similar to restitution, its owner may recover cost to repair the vehicle. Also similar to restitution, which limits the amount of restitution to the victim's "economic loss," *Falter* provides that when the cost to repair the vehicle exceeds its value, then the owner's damages are limited to the value of the vehicle immediately prior to the accident. And R.C. 2929.28 in no way indicates any intention to overrule *Falter*. *Sullivan*, 81 Ohio St. 79, 90 N.E. 146 (1909), syllabus.

{¶23} Therefore, we find that *Falter*'s damage calculation may offer *assistance* to a court in calculating the amount of restitution when the property damaged from an offense is an automobile.

### B.  The Trial Court Abused Its Discretion

**{¶24}** The trial court ordered Caldwell to pay $16,631.26 in restitution, which is the exact amount of Superior's estimate to repair Wandling's truck.[3]  A court does not abuse its discretion in ordering restitution in the amount of a cost-to-repair estimate if there is no evidence showing that the value of the vehicle is less than the repair cost.  *See State v. Gordon*, 1st Dist. Hamilton No. C-170660, 2018-Ohio-3786.

**{¶25}** Unlike *Gordon*, Wandling testified that he told Caldwell in June of 2020 that his truck was worth $8,000 to $10,000.  This was the amount of economic loss that Wandling suffered from Caldwell's unauthorized use of his vehicle.  Clearly, the $16,631.26 in restitution ordered by the court is significantly more than the economic loss of $8,000 to $10,000 that Wandling suffered.  Where restitution "does not bear a reasonable relationship to the actual financial loss suffered[,]" the court has abused its discretion.  *State v. Williams*, 2d Dist. Greene No. 27072, 2017-Ohio-125, ¶ 14, *see also Falter* (When the cost to repair a vehicle exceeds its value, the recoverable damage is the vehicle's value immediately prior to the accident).  Therefore, we find that the trial court abused its discretion when it ordered restitution in the amount of $16,631.26.

---

[3] Superior's estimate to repair states it was "incomplete," which suggests that Superior stopped short of completing its estimate because at $16,621.23 it had already surpassed the value of the truck.

CONCLUSION

{¶26} Accordingly, we reverse the trial court's judgment and remand the

cause to determine restitution consistent with this decision.


**JUDGMENT REVERSED AND CAUSE REMANDED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED and the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J.:  Concur in Judgment and Opinion.

For the Court,


BY: _____
       Kristy S. Wilkin, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**