[Cite as *State v. Carson*, 2024-Ohio-5407.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO              :

       :

     Appellee         :    C.A. No. 30115

       :

v.                  :    Trial Court Case No. 2023 CRB 00715E

       :

JOHN J. CARSON      :    (Criminal Appeal from Municipal Court)

       :

     Appellant     :

       :

. . . . . . . . . . .

O P I N I O N

Rendered on November 15, 2024

. . . . . . . . . . .

ARVIN S. MILLER, Attorney for Appellant

JAMES D. MILLER, Attorney for Appellee

. . . . . . . . . . . .

HUFFMAN, J.

    **{¶ 1}** Defendant-Appellant John J. Carson appeals from his conviction for criminal damaging. Specifically, he challenges the trial court's order of restitution, arguing that the trial court erred by ordering restitution for damages that were not identified in the criminal

complaint to which he pleaded guilty. For the following reasons, we affirm the judgment of the trial court.

## I.        Background Facts and Procedural History

{¶ 2} On October 16, 2023, Carson was arrested at a vacant house on Old Needmore Road in Riverside, Ohio, after he attempted to unlawfully gain access to the property by breaking two garage windows. The property owner was present at the time of Carson's arrest.

{¶ 3} Carson was charged with one count of possessing criminal tools, one count of criminal damaging, and one count of criminal trespass. The criminal damaging complaint stated that Carson unlawfully committed criminal damaging by breaking two windows of a garage without privilege to do so. During the investigation, however, a supplemental report was apparently submitted regarding newly identified damage to the property; the complaint was not amended to reflect the additional damages.

{¶ 4} Following plea negotiations, Carson pleaded guilty to one count of criminal damaging, a misdemeanor of the second degree, and the other two charges were dismissed. At the time of the plea, there was no agreement on restitution, and the trial court referred Carson to the probation department for a presentence investigation.

{¶ 5} A restitution hearing was held on February 27, 2024. The complainant property owner, Kevin Vlcek, appeared and presented evidence regarding the alleged damage to his property. Vlcek testified that, in addition to the two broken garage door windows described in the criminal complaint, Carson broke an additional window and a storm door while trying to gain access to the property, which were later discovered. Vlcek

stated that the garage door windows were repaired for $450, but he submitted a damage request to the trial court totaling approximately $3,965, which included the following exhibits: an estimate related to the storm door, which included an installation fee of $262 ($561); another estimate related to the storm door, which also included an installation fee of $262 ($801.99); an estimate for the other window ($2,335.73); and two receipts from Lowe's for additional supplies ($23.61 and $55.56).

**{¶ 6}** The trial court ordered restitution in the amount of $3,965.89, which was the total of Vlcek's exhibits less one $262 installation fee. The court noted, however, that the criminal complaint was limited to $450 for repairs of the two garage door windows, as indicated on the face of the complaint. In ordering restitution in an amount greater than that required to repair the two garage door windows, the trial court reasoned that there were additional losses to Vlcek resulting from the criminal damaging charge against Carson, even though those losses were identified later and thus were not incorporated into the criminal complaint. Carson appeals.

## II. Assignment of Error

**{¶ 7}** Carson asserts the following sole assignment of error:

THE TRIAL COURT ERRED IN ORDERING THE DEFENDANT TO PAY RESTITUTION FOR DAMAGES NOT IDENTIFIED IN THE COMPLAINT AND TO WHICH THE DEFENDANT WAS NOT CHARGED OR FOUND GUILTY OF.

**{¶ 8}** Carson contends that the trial court erred by ordering restitution for alleged damages that were not listed in the criminal damaging charge to which he pleaded guilty.

He argues that he agreed to plead guilty to the one count of criminal damaging, which only included damage to two garage door windows. Specifically, he asserts that the trial court erred by allowing Vlcek to add additional damages to his request for restitution, as those damages were not specifically listed in the criminal complaint. We disagree.

{¶ 9} Carson was charged with criminal damaging under R.C. 2909.06(A), a misdemeanor of the second degree, which states:

(A) No person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent:

(1) Knowingly, by any means;

(2) Recklessly, by means of fire, explosion, flood, poison gas, poison, radioactive material, caustic or corrosive material, or other inherently dangerous agency or substance.

{¶ 10} R.C. 2929.28 governs financial sanctions for misdemeanor offenses and allows a court to impose sanctions on a criminal offender, including restitution by the offender to the victim. R.C. 2929.28(A)(1) provides, in part:

The court shall determine the amount of restitution to be paid by the offender. The victim, victim's representative, victim's attorney, if applicable, the prosecutor or the prosecutor's designee, and the offender may provide information relevant to the determination of the amount of restitution. *The amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense . . .* If the court decides to or is required to impose

restitution, the court shall hold an evidentiary hearing on restitution if the offender, victim, victim's representative, victim's attorney, if applicable, or victim's estate disputes the amount of restitution. The court shall determine the amount of full restitution by a preponderance of the evidence.

{¶ 11} "R.C. 2929.28(A)(1) does not contain language limiting restitution to property damage, but instead, limits restitution to the economic loss suffered by the victim or his survivors as a result of the offender's crime." *State v. Carroll,* 2015-Ohio-4109, ¶ 11 (2d Dist.). R.C. 2929.01(L) defines the "economic loss" as:

[A]ny economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work because of any injury caused to the victim, any property loss, medical cost, or funeral expense incurred as a result of the commission of the offense, and the cost of any accounting or auditing done to determine the extent of loss if the cost is incurred and payable by the victim. "Economic loss" does not include non-economic loss or any punitive or exemplary damages.

Whether something is an economic loss "is dependent on whether the loss is an economic detriment suffered by the victim that is the proximate result of the offense at issue." *Carroll* at ¶ 12.

{¶ 12} "The evidence to support a restitution order can take the form of either documentary evidence or testimony." *Carroll* at ¶ 15, quoting *State v. Jones,* 2014-Ohio-3740, ¶ 23 (10th Dist.). Moreover, "[t]he trial court is authorized to base the amount of

restitution on an amount recommended by the victim." *Id.*, quoting *State v. Pillow,* 2008-Ohio-6046, ¶ 148 (2d Dist.); R.C. 2929.28(A)(1).

{¶ 13} "R.C. 2929.28(A)(1) grants broad discretion to the trial court to 'base the amount of restitution it orders' on new information presented at the restitution hearing, which can be from the victim, the offender, a presentence investigation report, estimates, receipts, or 'any other information.' " *State v. Williams*, 2017-Ohio-125, ¶ 13 (2d Dist.), quoting *State v. Olson,* 2013-Ohio-4403, ¶ 8 (2d Dist.). The amount of restitution "must be limited to the actual economic loss caused by the illegal conduct for which the defendant was convicted." *State v. Caldwell*, 2023-Ohio-355, ¶ 16 (4th Dist.), quoting *State v. Warner*, 55 Ohio St.3d 31, 69 (1990). "The State bears the burden of establishing the restitution amount." *State v. Moore*, 2023-Ohio-3318, ¶ 11 (1st Dist.), citing *Caldwell* at ¶ 16.

{¶ 14} "[W]e generally review a trial court's order of restitution under an abuse of discretion standard; an abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *State v. Wilson*, 2015-Ohio-3167, ¶ 11, citing *State v. Naylor,* 2011-Ohio-960, ¶ 22 (2d Dist.); *State v. Johnson,* 2012-Ohio-1230, ¶ 11 (2d Dist.). A trial court abuses its discretion "when it orders restitution that does not bear a reasonable relationship to the actual financial loss suffered" as a result of the defendant's offense and "if the award of restitution is not supported by competent, credible evidence in the record from which the court can discern the amount of restitution to a reasonable degree of certainty." *Williams* at ¶ 14*,* citing *Johnson* at ¶ 11; *Olson* at ¶ 33; *State v. Williams*, 34 Ohio App.3d 33 (2d Dist.)*.*

{¶ 15} The crux of Carson's argument is that, when he pleaded guilty to the charge of criminal damaging, he only acknowledged that he had broken the two garage door windows as stated in the complaint. The criminal complaint specifically identified the damaged property as two broken windows. He argues that the restitution order should, therefore, have been limited to $450 for the cost of repairing the two garage door windows and that the trial court erred in ordering restitution in the amount of $3,965.89 for additional damages.

{¶ 16} At the restitution hearing, however, Vlcek testified that Carson had caused additional damage to his property in the commission of the criminal damaging offense for which Carson pleaded guilty. Based on Vlcek's testimony, the additional damages to his property included another broken window and a storm door, with damages in fact totaling $3,965.89.

{¶ 17} To support his argument, Carson relies on *State v. Folson*, 2023-Ohio-55 (1st Dist.). In *Folson*, the defendant pleaded guilty to hitting the victim's rear bumper with her own car. *Id.* at ¶14. The victim sought restitution for additional damages caused by syrup in her gas tank and slashed tires, which the trial court granted. *Id.* On appeal, the First District reversed, finding that the damages caused by the syrup in the gas tank and slashed tires did not "flow as a natural and continuous consequence" from the commission of the offense for which Folson had been charged and to which she pleaded guilty, as "[t]hose damages were not a direct and proximate result of Folson's act of hitting the victim's rear bumper with her own car." *Id.*

{¶ 18} We do not find the facts in *Folson* to be analogous to this case. Folson

pleaded guilty to rearending the victim's vehicle, which could not, by itself, result in syrup in the vehicle's gas tank and slashed tires. Carson, on the other hand, pleaded guilty to criminal damaging as a result of his attempt to unlawfully enter Vlcek's property. The additional damages sought by Vlcek—namely another broken window and storm door—did flow as a natural and continuous consequence of Carson damaging Vlcek's property in an attempt to enter.

{¶ 19} We do, however, find the reasoning in *State v. Brand*, 2001-Ohio-2205 (3d Dist.) to be persuasive. In *Brand*, the defendant entered a plea of no contest to the charge of criminal damaging in violation of R.C. 2909.06(A)(1). *Id*. The defendant was found guilty by the municipal court and was ordered to make restitution in the amount of $1,101.80. *Id*. The defendant appealed the restitution order, arguing that the trial court had violated R.C. 2929.21(E) by ordering her to pay restitution in an amount more than the damages contained in the complaint and that she could not be ordered to pay more in restitution than the $822.14 amount stated in the complaint and to which she pled no contest. *Id*. However, the record of the plea hearing revealed that the defendant had disputed the amount of damage alleged in the complaint, and her counsel had requested an evidentiary hearing on the amount of restitution for the damage to the victim's van. Evidentiary hearings were conducted, and the evidence supported a finding of actual damages totaling $1,101.80. In *Brand*, the appellate court upheld the trial court's order of restitution, reasoning:

> R.C. 2929.21(E) allows a trial court to "require a person who is convicted of
>
> or pleads guilty to a misdemeanor to make restitution for all or part of the

property damage that is caused by the offense . . . that the person committed." A plain reading of the statute reveals that the only limitation imposed is that the amount of the restitution order cannot exceed the amount of actual damages caused by the offense.

{¶ 20} We conclude that the damages in this case were a direct and proximate result of Carson damaging Vlcek's property while attempting to unlawfully gain access to it and, thus, they bore a reasonable relationship to the actual loss suffered by Vlcek as a result of the criminal damaging offense for which Carson was convicted. The only limitation imposed on the trial court in ordering restitution was that the amount could not exceed the amount of actual damages caused by the offense for which Carson was convicted, which, based on Vlcek's testimony, it did not. Therefore, we cannot say that the trial court abused its discretion by including the cost to fix the additional damages caused by Carson's criminal damaging offense as part of its restitution order.

{¶ 21} Carson's sole assignment of error is overruled.

### III.    Conclusion

{¶ 22} The judgment of the trial court is affirmed.

. . . . . . . . . . . .

WELBAUM, J. and LEWIS, J., concur.